26 P.3d 53

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert W. DIETRICH, Defendant–Appellant.**

No. 26140.

Court of Appeals of Idaho.

June 14, 2001.

---

2. Pecone has not shown that this advice was unreasonable or deficient.

Ronaldo A. Coulter, State Appellate Public Defender; Sara B. Thomas, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; T. Paul Krueger II, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Robert Dietrich appeals his judgment of conviction for three counts of burglary and one count of conspiracy to commit burglary. Dietrich asserts that as to one count, the State failed to prove jurisdiction, and as to all counts, the State failed to present sufficient evidence of guilt because the only evidence linking Dietrich to the crimes was uncorroborated accomplice testimony. We conclude that the accomplice's testimony was not corroborated, and we therefore reverse the judgment.

## FACTS AND PROCEDURAL HISTORY

Robert Dietrich was charged with five counts of burglary and one count of conspiracy to commit burglary arising from a series of house break-ins. According to the trial testimony of Daniel Brown, a professed accomplice, Dietrich, Brown and Nathan Lopez jointly planned to burglarize various houses in order to get money and drugs. Brown said that the three would find an unoccupied house, and while one stood guard, the other two would go through the house searching for valuables. They then took the stolen items to the apartment where Dietrich, Brown and Lopez all lived with Dietrich's father. In the course of one of the burglaries, a stereo system was stolen. According to Brown, the stereo components were placed in a cardboard "Magnavox" box to facilitate transporting the items back to the apartment. Brown said that after the burglaries,

he and his two accomplices sold the stolen items. All of these facts were adduced solely from Brown's trial testimony; Dietrich and Lopez did not testify.

Other trial witnesses included law enforcement officers who had executed warrants for the search of the apartment where the three suspects lived and the apartment of the individual who had purchased the stolen items. Many of the stolen items were recovered at the purchaser's apartment. One officer also testified that in searching the apartment where Dietrich, Brown and Lopez resided, he found a "Magnavox" box like the one described in Brown's testimony. The State also presented the testimony of four of the five burglary victims; the only victim who did not testify was the one whose stereo system was allegedly taken in the Magnavox cardboard box. The four victim witnesses testified about various items that had been stolen from their houses.

At the conclusion of the State's evidence, Dietrich moved for acquittal under Idaho Criminal Rule 29. He argued that the only evidence tying him to the burglaries or the conspiracy was Brown's testimony, which was insufficient for conviction because Idaho Code § 19–2117 provides that a person may not be convicted on the uncorroborated testimony of an accomplice. The district court denied the motion, and the jury returned a verdict finding Dietrich guilty of conspiracy to commit burglary, guilty of three out of the five charged counts of burglary, and not guilty of the two remaining burglary charges.

On appeal, Dietrich contends that as to count III, the State did not prove that the court possessed subject matter jurisdiction because the State presented no evidence that the burglarized house was located in the State of Idaho. Dietrich also argues that the denial of his motion for acquittal was erroneous because the State did not meet its burden of proof with respect to any of the counts for which Dietrich was convicted.

1. This issue was not presented to the trial court. We nevertheless consider it because a lack of subject matter jurisdiction may be raised at any time in the course of judicial proceedings and

## ANALYSIS

### A. Jurisdiction As to Count III

■■■ We consider first Dietrich's assertion that the State failed to meet its burden of proving that the district court had jurisdiction with respect to the burglary charged in count III because the State did not present evidence that the burglarized house was located in Idaho.[1]

■■ In a criminal prosecution, the State must prove subject matter jurisdiction by showing that an essential element of the offense occurred within Idaho. *State v. Doyle*, 121 Idaho 911, 914, 828 P.2d 1316, 1319 (1992); *State v. Amerson*, 129 Idaho 395, 401, 925 P.2d 399, 405 (Ct.App.1996). However, jurisdiction, like other elements of an offense, may be proven by circumstantial evidence. *See Paradis v. State*, 110 Idaho 534, 536–37, 716 P.2d 1306, 1308–09 (1986). Although we acknowledge that the State presented no direct evidence on this point, we conclude that there is sufficient circumstantial evidence in the record to support the finding that the burglary charged in count III was committed in Idaho.

The trial evidence shows that the investigation, searches and arrests made in connection with the five charged burglaries were conducted solely by the police department of the city of Lewiston, Idaho. As a matter of Idaho statutory law, city police officers do not have authority to conduct such activities outside of the city limits, much less outside the State of Idaho. *See* I.C. § 67–2337. Although evidence of the geographic limitations of the Lewiston Police Department was not presented at trial, reasonable jurors could have determined from their common knowledge and experience that city police officers would not be conducting police activities in another state. *See generally State v. Espinoza*, 133 Idaho 618, 621–22, 990 P.2d 1229, 1232–33 (Ct.App.1999) (jury could infer that defendant was over eighteen based upon evidence that defendant was old enough to legally purchase beer and common knowledge

may not be waived by the parties. *State v. McCarthy*, 133 Idaho 119, 122, 982 P.2d 954, 957 (Ct.App.1999); *State v. Heyrend*, 129 Idaho 568, 571, 929 P.2d 744, 747 (Ct.App.1996).

that alcohol cannot be legally purchased in this state by persons under the age of twenty-one). In addition, there was direct evidence that the other four burglaries all occurred in Lewiston. One of these was perpetrated at a house on Eleventh Street, and trial testimony indicated that the burglary in count III occurred at another address on Eleventh Street. There was also testimony from Brown that he, Dietrich and Lopez were walking back to their apartment in Lewiston from a friend's house when they burglarized the house in count III. After the burglary, the three continued to walk to the apartment carrying the cardboard box containing the stolen stereo equipment. From the totality of this evidence, we conclude that there was a sufficient evidentiary basis from which the jurors could reasonably infer that the burglary in count III occurred in Lewiston, Idaho. Therefore, Dietrich was not entitled to a judgment of acquittal on count III based upon insufficient proof of jurisdiction.

### B. Sufficiency of Evidence to Corroborate Accomplice's Testimony

Dietrich next argues that the district court erred in denying his motion for acquittal. Idaho Criminal Rule 29(a) mandates that a trial court enter a judgment of acquittal "if the evidence is insufficient to sustain a conviction of such offense or offenses." Review of a denial of a motion for a judgment of acquittal requires that the appellate court independently consider the evidence in the record to determine whether a reasonable mind could conclude that the defendant's guilt as to each material element of the offense was proven beyond a reasonable doubt. *State v. Kopsa,* 126 Idaho 512, 521, 887 P.2d 57, 66 (Ct.App.1994); *State v. Printz,* 115 Idaho 566, 567, 768 P.2d 829, 830 (Ct.App.1989). This Court will not substitute its view for that of the jury as to the credibility of witnesses, the weight to be given to the testimony, or the reasonable inferences to be drawn from the evidence. *State v. Knutson,* 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App.1991). Where a defendant stands convicted, the evidence is viewed on appeal in the light most favorable to the prosecution.

*State v. Gardiner,* 127 Idaho 156, 163, 898 P.2d 615, 622 (Ct.App.1995); *Printz, supra.*

Dietrich contends that the district court should have granted a judgment of acquittal because the State presented no evidence to corroborate Brown's testimony that Dietrich was involved in the crimes. Dietrich relies upon Idaho Code § 19–2117, which provides:

A conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient, if it merely shows the commission of the offense, or the circumstances thereof.

As this Court explained in *State v. Campbell,* 114 Idaho 367, 757 P.2d 230 (Ct.App. 1988), the corroboration requirement is designed to prevent a conviction that is based on false testimony actuated by an accomplice's self-interest:

The purpose of the corroboration requirement is to offset the danger that an accomplice may wholly fabricate testimony inculpating an innocent person in order to win more lenient treatment for the alleged accomplice. The corroborating evidence offered "need only connect the defendant with the crime." The corroborating evidence must be independent of the accomplice's testimony, but it need not be sufficient in and of itself to convict the defendant. The corroborating evidence may be slight, need only go to one material fact and may be entirely circumstantial.

*Id.* at 369, 757 P.2d at 232 (citations omitted).

With these principles in mind, and having thoroughly reviewed the record, we can find no evidence independent of Brown's testimony that connects Dietrich to any of the crimes. The victims in two of the burglaries for which Dietrich was convicted testified as to the break-ins and the theft of their property; and as noted above, some of the property was recovered from the person to whom it had been sold. However, this evidence corroborates only that the offenses occurred, not

that Dietrich participated in them. As § 19–2117 itself emphasizes, corroborative evidence "is not sufficient, if it merely shows the commission of the offense, or the circumstances thereof."

The State argues that the recovery of the Magnavox box, which was allegedly used to carry away the stereo equipment taken in one of the burglaries, corroborates Brown's testimony because the box was found in the apartment where Dietrich resided. The State's argument is flawed, however, for the box itself is linked to the burglary only by Brown's testimony. There is no other evidence that the Magnavox box belonged to the burglary victim or was ever in the burglarized house. Thus, the only basis to believe that the Magnavox box was taken during the burglary is Brown's testimony, which is the very testimony that requires corroboration.[2]

In summary, there was no physical evidence nor testimony from any person other than Brown that indicates Dietrich was involved in these burglaries or the associated conspiracy. We therefore conclude that Dietrich's conviction cannot be upheld consistent with I.C. § 19–2117.

## CONCLUSION

The State presented sufficient evidence to establish subject matter jurisdiction for the burglary charge in count III, but there was insufficient evidence to corroborate Brown's testimony linking Dietrich to the burglaries or the conspiracy to commit burglaries. Therefore, the judgment of conviction is reversed.

Chief Judge SCHWARTZMAN and Judge PERRY concur.

---

**2.** Even if there was corroboration that the box came from the burglarized house, discovery of the box in the apartment where Dietrich resided would not seem to connect Dietrich to the crime because Brown also resided in the same apartment. With Brown having confessed to the burglaries, the presence of the box where *he* resided does not tend to implicate other residents in the crime.