36 P.3d 1287

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Darrell HOLLON, Defendant–Appellant.**

No. 26270.

Court of Appeals of Idaho.

Dec. 13, 2001.

Luverne Eugene Shull, Gooding, for appellant.

Hon. Alan G. Lance, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent. Karen A. Hudelson argued.

Amended Opinion the Court's Prior Opinion dated December 5, 2001 is hereby withdrawn.

LANSING, Judge.

Darrell Hollon appeals from his conviction for resisting and obstructing an officer. He contends that his motions for a judgment of acquittal should have been granted because the evidence was insufficient to show that the officer was performing a lawful duty when Hollon refused to comply with the officer's orders. We affirm.

## I.

### FACTS AND PROCEDURAL HISTORY

On April 13, 1998, Officer Arnold Morgado (hereinafter "Officer Arnold") of the Gooding County Sheriff's Department accompanied four social workers on a visit to the Hollon residence, in part to give Hollon and his wife information about their sixteen-year-old daughter, who had been in foster care. While Officer Arnold waited for the social workers, he saw a van with one of the Hollons' daughters in it pass by the home twice. After the social workers arrived, they and Officer Arnold spoke with Mrs. Hollon. Hollon was not home at the time, having departed to pick up his son from school and also to avoid having to meet with the social workers.

As the officer and social workers left the home, they heard a car horn and saw the same van that Officer Arnold had observed earlier. It was parked down the road. They decided to contact the van's occupants. The van was being driven by Hollon, and two of his children were passengers. Officer Arnold told Hollon that he wanted to discuss one of Hollon's daughters. Hollon stated that he did not want to speak with Officer Arnold and that there was nothing to discuss. When Officer Arnold reiterated his desire to speak with Hollon, Hollon refused to respond and drove the short distance to his home. Officer Arnold followed in his vehicle with his lights flashing.

According to Officer Arnold, as Hollon walked toward his house, Arnold told Hollon that he was not under arrest but that the officer wanted to put Hollon in handcuffs for everyone's safety. The social workers and members of the Hollon family testified, to the contrary, that Officer Arnold said Hollon was under arrest, but that no basis for the arrest was given. After Hollon entered the home, Officer Arnold opened the door and looked in. There is conflicting testimony as to whether Officer Arnold entered.

When Hollon exited through a different door, he was spotted by Officer Arnold and pursued. Officer Arnold testified that he attempted to handcuff Hollon by placing one hand on Hollon's shoulder and grabbing the opposite wrist with the other hand. Officer

Arnold said that the next thing he remembers is seeing a white light and getting up from the ground. He also felt a sharp pain in his neck. Officer Arnold testified that Hollon admitted he had hit Officer Arnold because the officer had scratched Hollon. Hollon contradicted this testimony. He said that he was walking away from Officer Arnold when a noise behind Hollon caused him to turn his head. At that point, he said, Officer Arnold hit him, cutting his face. Hollon admitted that he "stiff-armed" Officer Arnold in order to keep him away. Officer Arnold was struck in the neck below the ear.

A minute or two later, Gooding County Sergeant Robert Morgado, Officer Arnold's uncle (hereinafter "Sergeant Robert"), arrived in response to Officer Arnold's call for assistance. Officer Arnold told Sergeant Robert that Hollon had hit him. Sergeant Robert approached Hollon with his firearm pointed at Hollon and ordered Hollon to get down on the ground. Sergeant Robert testified that he repeated the command five times. Hollon stated that he would comply, but never did. Seeing that Hollon was unarmed, Robert put away his firearm and drew his baton. He attempted to strike Hollon on the thigh in order to temporarily immobilize him so he could be handcuffed, but Hollon managed to block this blow by catching the baton for a few seconds. Sergeant Robert decided that the baton would not be effective and did not attempt to hit Hollon again. In the meantime, Deputy Daniel Kennedy of the Jerome County Sheriff's Department had arrived in response to Officer Arnold's call and witnessed Sergeant Robert strike Hollon. Deputy Kennedy ordered Hollon to the ground, and Hollon complied immediately.

Hollon was charged with battery on a police officer, Idaho Code §§ 18–903, –915, for striking Officer Arnold, and with resisting and obstructing an officer, I.C. § 18–705, for refusing to comply with Officer Robert's command to get down to the ground. In defense, Hollon asserted that he acted in self-defense, and that his arrest was illegal. A trial was conducted in the magistrate division of the district court. At the close of the State's case-in-chief, and again at the close of the trial, Hollon made a motion for a judgment of acquittal on both charges pursuant to Idaho Criminal Rule 29. The magistrate reserved judgment pending the jury's decision. The jury found Hollon not guilty of battery on Officer Arnold but guilty of resisting and obstructing Sergeant Robert. The magistrate then denied the motion for acquittal.

Hollon appealed to the district court, which affirmed the conviction. Hollon now appeals to this Court. He contends that the magistrate erred in denying his motions for a judgment of acquittal because Sergeant Robert's order to Hollon and the subsequent arrest were unlawful, making it permissible for Hollon to resist. He also asserts that I.C. § 18–705 is unconstitutional.

## II.

## ANALYSIS

### A. Sergeant Robert Morgado's Arrest of Hollon for Battery Was Lawful.

In an appeal from the denial of an I.C.R. 29 motion for a judgment of acquittal, the issue presented is whether there was substantial and competent evidence to support a guilty verdict. *State v. Hughes*, 130 Idaho 698, 701, 946 P.2d 1338, 1341 (Ct.App. 1997). Like the trial court, we must construe the evidence in the light most favorable to the verdict, recognizing that it is the jury's province to determine the credibility of witnesses and the weight to be given to the evidence. *State v. Thomas*, 133 Idaho 172, 174, 983 P.2d 245, 247 (Ct.App.1999). The evidence is sufficient where there is substantial, even if disputed, evidence from which a reasonable juror could find all the elements of the crime proven beyond a reasonable doubt. *Thomas, supra; Hughes, supra.*

Thus, our examination of Hollon's challenge to his conviction begins with identification of the elements of the charged offense, as those elements are defined by I.C. § 18–705 and by judicial decisions construing that statute. Section 18–705 specifies:

Every person who wilfully resists, delays or obstructs any public officer, in the discharge, or attempt to discharge, of any

duty of his office ... when no other punishment is prescribed, is punishable by a fine not exceeding one thousand dollars ($1,000), and imprisonment in the county jail not exceeding one (1) year.

In *State v. Wilkerson*, 114 Idaho 174, 755 P.2d 471 (Ct.App.1988), *aff'd*, 115 Idaho 357, 766 P.2d 1238 (1988), we noted that three elements must be proved to demonstrate a violation of this statute. They are first, that the person who was resisted, delayed or obstructed was a law enforcement officer; second, that the defendant knew that the person was an officer; and third, that the defendant also knew at the time of the resistance that the officer was attempting to perform some official act or duty.

■ With respect to the third element, this Court held in *Wilkerson* that "duty," as used in the statute, encompasses only "lawful and authorized acts of a public officer." *Id.* at 180, 755 P.2d at 477. We consequently further held that a refusal to obey, or passive resistance to, an *unlawful* order of a police officer does not violate § 18–705. *Id. See also State v. Wiedenheft*, 136 Idaho 14, 16, 27 P.3d 873, 875 (Ct.App.2001). It is toward this third element of the offense that Hollon aims his argument. He contends that Sergeant Robert's attempt to make a warrantless arrest of Hollon was without probable cause and so was illegal. Therefore, Hollon contends, his passive resistance to Sergeant Robert's commands did not violate § 18–705.

■ Hollon's argument is without merit. The evidence at Hollon's trial was sufficient to show that Sergeant Robert had probable cause for an arrest and hence was performing a lawful duty when Hollon offered resistance. Idaho Code § 19–603(6) authorizes a warrantless arrest by a peace officer "[w]hen upon immediate response to a report of a commission of a crime there is probable cause to believe, that the person arrested has committed a violation of section ... 18–903 (battery)...." The requirement of probable cause does not mean that arresting officers must have sufficient evidence to secure a conviction. Rather, the test is whether "the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142, 145 (1964). *See also State v. Buti*, 131 Idaho 793, 798, 964 P.2d 660, 665 (1998); *State v. Kysar*, 116 Idaho 992, 783 P.2d 859 (1989); *State v. Zentner*, 134 Idaho 508, 5 P.3d 488 (Ct.App. 2000).

■ Here, Sergeant Robert was responding to a call for assistance from an officer. Upon arriving, he found Officer Arnold appearing dazed and unable to focus his eyes. Officer Arnold informed Sergeant Robert that Hollon had struck Officer Arnold in the neck. This provided probable cause to arrest Hollon for battery.[1]

■ Hollon has also asserted that Sergeant Robert used excessive force and for that reason was not acting lawfully. However, the evidence shows that before Sergeant Robert utilized his baton, Hollon had already delayed and obstructed Sergeant Robert by refusing to comply with the order that Hollon get down to the ground. Therefore, even assuming, *arguendo*, that use of the baton amounted to excessive force, Hollon could properly be found guilty of the charged offense for his behavior before the alleged excessive force was applied. Indeed, it was because of Hollon's refusal to comply with the officer's instruction that the baton came into play.

For the foregoing reasons, the magistrate was correct in denying Hollon's motions for a

---

1. The probable cause analysis is unaffected by the fact that a jury later acquitted Hollon of the battery. The legality of an arrest is not dependent upon the State's failure to successfully prosecute a defendant for the suspected crime. *See Draper v. United States*, 358 U.S. 307, 312, 79 S.Ct. 329, 332, 3 L.Ed.2d 327, 331 (1959) ("There is a large difference between the two things to be proved [guilt and probable cause], as well as between the tribunals which determine them, and therefore a like difference in the *quanta* and modes of proof required to establish them."); *Zentner*, 134 Idaho at 511, 5 P.3d at 491 ("[T]he quantum of evidence necessary to prove guilt beyond a reasonable doubt at trial [is] a much stricter standard of proof than that applicable to an officer's in-the-field determination of probable cause to arrest.").

judgment of acquittal.[2]

## B. Hollon Waived His Constitutional Challenge to Idaho Code § 18–705.

Hollon also argues that his prosecution for failure to cooperate with Sergeant Robert is a violation of his First Amendment right to free speech. He reasons that his passive resistance to what he believed was an illegal arrest was constitutionally protected speech, that I.C. § 18–705 restrains this form of speech, and that the statute is therefore unconstitutionally overbroad as applied in this case.

 Hollon did not present a challenge to the constitutionality of I.C. § 18–705 in the trial court. An issue not raised in the trial court will not be considered on appeal unless it presents a question of fundamental error. *State v. McAway*, 127 Idaho 54, 60, 896 P.2d 962, 968 (1995); *State v. Martinez*, 128 Idaho 104, 111, 910 P.2d 776, 783 (Ct. App.1995). Fundamental error has been described thus:

> Error that is fundamental must be such error as goes to the foundation or basis of a defendant's rights or must go to the foundation of the case or take from the defendant a right which was essential to his defense and which no court could or ought to permit him to waive.

*State v. Knowlton*, 123 Idaho 916, 918, 854 P.2d 259, 261 (1993). *See also McAway, supra; State v. Osborne*, 130 Idaho 365, 371, 941 P.2d 337, 343 (Ct.App.1997); *State v. Hadley*, 122 Idaho 728, 731, 838 P.2d 331, 334 (Ct.App.1992). We are not persuaded that it amounts to fundamental error to allow a defendant to waive a challenge that a statute is overbroad as applied. Therefore, we will not address Hollon's constitutional challenge to I.C. § 18–705.[3]

## III.

## CONCLUSION

The magistrate correctly denied Hollon's motions for a judgment of acquittal because the evidence was sufficient to allow a reasonable jury to find that all of the elements of resisting and obstructing an officer had been proved beyond a reasonable doubt. Hollon's claim of constitutional error has not been preserved for appellate review. Therefore, the judgment of conviction is affirmed.

Chief Judge SCHWARTZMAN and Judge Pro Tem HORTON concur.

---

2. Hollon devoted most of his appellate argument to criticism of the conduct of Officer Arnold, but this argument is misplaced. Hollon was not charged with resisting or obstructing Officer Arnold, and he was acquitted of the charge that he battered Officer Arnold. The legality of Sergeant Robert's arrest of Hollon is not dependent upon the legality of Officer Arnold's earlier attempt to arrest or detain Hollon. Hollon's situation must be distinguished from one where an officer makes an arrest based solely upon another officer's directive to do so. In the latter situation,

the officer ordering the arrest must have probable cause. *See United States v. Hensley*, 469 U.S. 221, 231–33, 105 S.Ct. 675, 681–82, 83 L.Ed.2d 604, 613–15 (1985); *Whiteley v. Warden*, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971).

3. We note that I.C. § 18–705 has already been upheld against a constitutional challenge of general vagueness. *See State v. Dolsby*, 124 Idaho 271, 274, 858 P.2d 810, 813 (Ct.App.1993).