65 P.3d 207

STATE of Idaho, Plaintiff–Respondent,

v.

Mark B. CURTISS, Defendant–Appellant.

No. 27905.

Court of Appeals of Idaho.

Nov. 7, 2002.

J.D. Merris, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

SUBSTITUTE OPINION

THE COURT'S PRIOR OPINION
DATED NOVEMBER 5, 2002, IS
HEREBY WITHDRAWN

PERRY, Chief Judge.

Mark B. Curtiss appeals from the district court's order withholding judgment and order of probation. We affirm.

## I.

## FACTS AND PROCEDURE

The facts of this case are undisputed. The Ada County sheriff's department initiated an on-line computer crimes investigation targeting chat rooms. A profile of a nonexistent fourteen-year-old female, referred to as Lisa, was created. In accordance with common chat room practice, Lisa's supposed age was used as part of her screen name. Detectives did not initiate any conversations, but waited for subjects to contact Lisa through private instant messages.

On January 17, 2001, Mark B. Curtiss, using the screen name "Marriedbutcheating33m," contacted Lisa and asked if they could meet. Lisa told Curtiss she was fourteen years old. Curtiss suggested that they get together over a weekend in February 2001, when his wife would be out of town. Curtiss told Lisa that she could come to his home, he would cook her dinner, and they could do other things. When asked what she would like for dinner, Lisa indicated that she liked steak. Curtiss told Lisa he would also provide baked potatoes, French bread, and sparkling cider. Curtiss told her that he liked back rubs and having sex. Both agreed to meet on-line the next day.

On January 18, Curtiss contacted Lisa online and told her that she could spend the night. He stated that he would like to start the weekend by taking a shower together and having a full body rub by the fireplace. He also indicated that he enjoyed oral sex and wanted them to explore each other's bodies.

Curtiss made several other on-line contacts with Lisa during January 2001 and had at least one conversation with Lisa (portrayed by a female detective) by telephone. Curtiss also made several contacts with Lisa in early February 2001. During an on-line conversation, Curtiss told Lisa that his wife would be leaving one week early and that they could meet sooner than planned. When asked what she wanted for dessert, Lisa replied that she liked cherry pie. Lisa insisted that Curtiss bring condoms if he planned to have sexual intercourse with her.

In early February 2001, Lisa made arrangements for Curtiss to pick up a picture of Lisa at a local high school and suggested that they meet there when he picked her up for their weekend encounter. Curtiss agreed. A detective left a photo of a fully-clothed juvenile female with a heart colored over her face. The next day, Curtiss contacted Lisa on-line and asked, "how's life without a face?" Both agreed to contact each other on-line again on February 9, 2001, then meet for their dinner and sexual encounter on that same date.

On February 9, 2001, Curtiss left Lisa an on-line message indicating he was cleaning the shower and shopping for the food for their dinner. A female detective, acting as Lisa, called Curtiss's cell phone, at which time Curtiss told her he was cleaning the house and getting ready. He told Lisa that the steaks were marinating and that he still needed to pick up the bread and the pie. When she asked if he had condoms, Curtiss told the female detective that they were in the glove box of his car. Curtiss said that he would be driving a blue car and would meet her at a local high school swimming pool. He agreed to park in the lot facing a football field and leave the car headlights on so Lisa would know it was he.

At the appointed time for the meeting, detectives observed Curtiss pull into the swimming pool parking lot in a blue car, park facing toward the football field, and leave the headlights on. Curtiss was arrested. On the seat of the car, detectives found a pie box, a bag of potato chips, and a can of whipped cream. In the glove box, detectives found condoms and a red rose. In a notebook behind the seat, detectives found the picture of Lisa previously left by the detective at the high school.

Curtiss was charged by grand jury indictment with attempted lewd conduct with a minor under sixteen. I.C. §§ 18–306, 18–1508. Curtiss filed a motion to dismiss the charge. Curtiss asserted, among other things, that it was legally impossible for him to have committed lewd conduct with a minor because there was no minor child involved. Because he could not have completed the underlying offense, Curtiss argued that it was legally impossible to commit an attempt of that offense.

The district court denied Curtiss's motion in a written memorandum decision. Following the denial of this motion, Curtiss entered a plea of guilty, reserving the right to appeal the district court's ruling. The district court withheld judgment and placed Curtiss on probation for seven years. Curtiss appeals.

## II.

## ANALYSIS

Idaho Code Section 18–1508 provides:

Any person who shall commit any lewd or lascivious act or acts upon or with the body or any part or member thereof of a minor child under the age of sixteen (16) years, including but not limited to, genital-genital contact, oral-genital contact ... or manual-genital contact, whether between persons of the same or opposite sex ... when any of such acts are done with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person, such minor child, or third party, shall be guilty of a felony and shall be imprisoned in the state prison for a term of not more than life.

Curtiss asserts that it was legally impossible for him to commit lewd conduct with a minor because there was no minor child involved. Curtiss contends that because he could not have committed the underlying crime, it was also legally impossible to commit an attempt of that crime. Curtiss insists that legal impossibility is a complete defense to the crime of attempt.

The state argues that Idaho law does not recognize impossibility as a defense to the statutory crime of attempt. The state contends, alternatively, that even if Idaho does recognize an impossibility defense to attempt, this is a case of factual impossibility which Curtiss concedes is not a valid defense in this case.

The decision to grant or deny a motion to dismiss an indictment is left within the sound discretion of the trial court. *State v. Bujanda–Velazquez*, 129 Idaho 726, 728, 932 P.2d 354, 356, (1997). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

The question before this Court on appeal is whether the district court acted consistently with the legal standards before it. Specifically, the Court must decide whether it was impossible for Curtiss to commit an attempt of the crime of lewd conduct with a minor. If it was possible for Curtiss to commit an attempt of that crime, the district court's denial of Curtiss's motion to dismiss was proper. Over questions of law, we exercise free review. *State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990).

Idaho Code Section 18–306 provides that "every person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof" is nevertheless subject to punishment for the attempt to commit the underlying crime. This Court has defined "attempt" as follows:

An attempt to commit a crime occurs when a defendant attempts to commit the crime but fails or is prevented from committing the crime. I.C. § 18–306. Attempt consists of "(1) an intent to do an act ... which would in law amount to a crime; and (2) an act in furtherance of that intent which, as it is most commonly put, goes beyond mere preparation."

*State v. Fabeny*, 132 Idaho 917, 923, 980 P.2d 581, 587 (Ct.App.1999), *quoting* W. LAFAVE & A. SCOTT, SUBSTANTIVE CRIMINAL LAW § 6.2 (1986); *see also State v. Otto*, 102 Idaho 250, 251, 629 P.2d 646, 647 (1981).

Curtiss does not deny that he intended to engage in sexual relations with a fourteen-year-old girl for the purpose of gratifying his sexual desires, which would have amounted to a crime in violation of I.C. § 18–1508 or that his actions went beyond mere preparation. Thus, Curtiss does not dispute that he committed an attempt as defined by Idaho statutory and case law.

Curtiss contends that the common law defense of legal impossibility applies because the Idaho legislature has made the common law of England applicable in Idaho and has not specifically excluded impossibility as a defense to attempt. However, the common law, so far as it is not repugnant to or inconsistent with the Constitution or laws of the United States, is the rule of decision in Idaho courts only in cases not provided for by the statutory law of this state. *See* I.C. § 73–116; *see also State v. Hastings*, 118 Idaho 854, 856, 801 P.2d 563, 565 (1990).

In this Court's view, Idaho's attempt statute, I.C. § 18–306, encompasses both the definition and the punishment for the crime of attempt. In that section, the Idaho legislature has specifically provided for the punishment of individuals who, like Curtiss, intend to commit a crime, act beyond mere preparation to commit the crime, but fail. The statute provides no exception for those who intend to commit a crime but fail because they were unaware of some fact that would have prevented them from completing the intended crime. That it might be legally or factually impossible for an individual to ultimately consummate the underlying crime itself is irrelevant to the analysis. *See People v. Thousand*, 465 Mich. 149, 631 N.W.2d 694, 702 (2001).

This position has also been taken by the courts of other states. In a case factually similar to this one, the Michigan Supreme Court noted that it had never judicially recognized impossibility as a defense to the crime of attempt. *See Thousand*, 631 N.W.2d at 694–97. The court then turned to the statute defining attempt to determine whether the common law doctrine of impossibility operated as a bar to prosecution for attempt when the underlying crime was impossible due to facts unknown to the defendant. Like the elements of attempt in I.C. § 18–306, Michigan's attempt statute required an intent to do an act or to bring about certain consequences which in law amount to a crime and an act in furtherance of that intent, which goes beyond mere preparation. *Thousand*, 631 N.W.2d at 701. The court then indicated that it was unable to ascertain any legislative intent that impossibility would provide a defense to the crime of attempt, whether due to the defendant's factual mistake as to the attendant circumstances or the legal status of some factor relevant thereto. The court concluded that the nonexistence of a minor victim did not give rise to a viable defense to attempt and held that the trial court erred when it dismissed the charge on the basis of legal impossibility.

Other state appellate courts have come to similar conclusions concerning the availability of impossibility as a defense to attempt. For example, in *People v. Rizo*, 22 Cal.4th 681, 94 Cal.Rptr.2d 375, 996 P.2d 27, 30 (2000), the court stated that where the defendant intends to commit a substantive crime, but fails because of circumstances unknown to him, the defendant may nevertheless be guilty of attempt. *See also State v. Lopez*, 100 N.M. 291, 669 P.2d 1086, 1087 (1983) ("[W]hen a defendant does everything that is required to commit a crime but is frustrated due to the fact that completion is impossible, he can nevertheless be found guilty of attempt.").

The Ninth Circuit has also held that impossibility does not constitute a defense to attempt. *See United States v. Quijada*, 588 F.2d 1253 (9th Cir.1978). In *Quijada*, the defendant was convicted of attempting to distribute cocaine, rather than the underlying crime of distribution of cocaine. The substance the defendant thought was cocaine was not actually cocaine, but a different, noncontrolled substance. Not only did the court decline to distinguish between legal and factual impossibility, it held that a defen-

**470**

dant should ordinarily be treated in accordance with the facts as he or she believed them to be.

Thus, we hold that I.C. § 18–306 has eliminated impossibility as a defense to attempt. Accordingly, we affirm the district court's denial of Curtiss's motion to dismiss.

### III.

### CONCLUSION

Idaho Code Section 18–306 has eliminated impossibility as a defense to attempt. That section, along with previous interpretations by Idaho appellate courts, make it clear that an individual commits an attempt when he or she intends to commit an act that would in law amount to a crime, acts beyond mere preparation in furtherance of that crime, but fails or is prevented from completing the intended crime. We affirm the district court's denial of Curtiss's motion to dismiss.

Judge LANSING and Judge Pro Tem HOHNHORST, concur.