**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35497**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Opinion No. 27 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 15, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JAMES ANDREW ALLEN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Latah County. Hon. John R. Stegner, District Judge.

Judgment of conviction for attempted rape, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah Whipple, Boise for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

PERRY, Judge Pro Tem

James Andrew Allen appeals from his judgment of conviction after being found guilty by a jury on one count of attempted rape. Idaho Code §§ 18-306, 18-6101(7), 18-6104. Allen challenges the sufficiency of the evidence to support the conviction.[1] We affirm.

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Id*. at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d

_____

[1] The state filed a cross-appeal with regard to the scope of a protective order. The district court amended the protective order and the state has withdrawn its cross-appeal.

1

303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

In this case the state charged Allen with burglary, two counts of rape, attempted rape, intimidating a witness and violating a no contact order. At trial the victim, T.H., testified that Allen was a friend of hers and that she had an on and off romantic relationship with him. T.H. had begun receiving calls and texts from another man which angered Allen. Although T.H. had attempted to explain to Allen that she only wanted to be friends, Allen remained angry. Allen thereafter made several threatening phone calls to T.H., which included a threat to distribute at her work and on the Internet photographs of her using cocaine. Early one morning T.H. awoke to Allen climbing on top of her in her bed in her house. Allen told her that he was going to have sex with her. T.H. testified that when she protested Allen forcibly penetrated her and later left.

T.H. testified that later that same day Allen called her, and reminding her about the photographs, demanded to have sex. Out of fear for what he might do if she did not comply, T.H. went to where Allen was staying. While there Allen once again forcibly raped T.H. This time however T.H. called a domestic violence hotline, went to the hospital and reported the incident to the police.

Over the next several days Allen continued to call T.H. and leave messages on her phone. In these calls Allen would apologize for what he had done to T.H., tell her that he would not let her go, and threaten to expose her drug use if she would not do as he expected. On November 7 and 8, Allen called T.H. demanding that she go to where he was staying on November 8 at 4:00 and have sex with him. Allen again threatened to use the photographs if T.H. did not comply and also indicated facts which showed he had been secretly observing her and her house. In response, T.H. again contacted the police and obtained a no contact order against Allen.

When T.H. did not appear at Allen's residence at 4:00 to have sex as demanded, he called her. T.H. was with the police who recorded the call. During this call Allen further discussed facts that indicated he had been at her home and could get to her whenever he chose.

In addition to this testimony offered by T.H., the state played for the jury the recorded messages from her phone and the call recorded by the police. Transcripts of these calls and messages were also introduced at trial. The jury returned guilty verdicts on the second allegation of rape, attempted rape for the incident on November 8, and intimidating a witness. The jury,

2

however, returned not guilty verdicts on the first alleged rape incident and the burglary charge. Allen moved for a judgment of acquittal on the attempted rape conviction and, after the state filed a response, the district court denied the motion. In this appeal Allen challenges the denial of his motion, asserting insufficient evidence to support the jury's verdict.

An attempt consists of: "(1) an intent to do an act . . . which would in law amount to a crime; and (2) an act in furtherance of that intent which, as it is most commonly put, goes beyond mere preparation." *State v. Grazian,* 144 Idaho 510, 516, 164 P.3d 790, 796 (2007). *See also*, *State v. Glass,* 139 Idaho 815, 818, 87 P.3d 302, 305 (Ct. App. 2003). The preparatory phase consists of "devising or arranging the means or measures necessary for the commission of the offense." To go beyond mere preparation, the actions of the defendant must "reach far enough toward the accomplishment of the desired result to amount to the commencement of the consummation of the crime." *Id.* In other words, the defendant must have taken a step of preparation in "dangerous proximity to the commission of the offense planned." *Grazian,* 144 Idaho at 516, 164 P.3d at 796. Thus, Allen could be found guilty of attempted rape only if he had the intent to rape T.H. and performed an act beyond mere preparation in furtherance of that intent. Allen argues that the evidence did not prove beyond a reasonable doubt that he performed an act in furtherance of an intent to commit rape.

In *Grazian,* the defendant was the manager of an adult entertainment business charged with procurement of prostitution. She met with three undercover police officers posing as applicants for employment as escorts in her enterprise. During these meetings she discussed directing escorts not to check in at hotels, illegal activities that occurred during "tip sessions," and the option of engaging in prostitution, noting that escorts could make a lot of money that way. The Supreme Court held that these acts went beyond mere preparation towards the commission of procurement of prostitution.

Perhaps most instructive to the facts in this case is *Glass* where the defendant was found guilty of attempted lewd conduct with a minor. In *Glass* the defendant chatted online with a police detective posing as a fourteen-year-old girl. Glass arranged to meet the girl at a local swimming pool at 10:00 a.m. the following day for the purpose of going to an apartment to have sex. Glass agreed to bring condoms and indicated he would be in a black car. The next day, at the designated time, officers observed a black car enter the parking lot of the swimming pool, turn around and then go back out. The officers initiated a stop and the driver of the car, Glass,

was arrested.  Searching the car the officers found a box of condoms.  This Court affirmed the district court's denial of Glass's motion for a judgment of acquittal on the charge of attempted lewd conduct.

Looking at other jurisdictions for guidance, we held that arranging to meet a minor for the purpose of a sexual encounter, and then going to the meeting place at the prearranged time with the condoms, constituted an attempt under the law.  *Glass,* 139 Idaho at 819-20, 87 P.3d at 306-07.  We concluded that his actions were sufficient to show an act beyond mere preparation toward commission of the attempted crime.  *Id.* at 820, 87 P.3d at 307.  We noted that Glass was unable to proceed further only because there was no fourteen-year-old girl present when he drove through the parking lot.  We determined that a jury could reasonably conclude that Glass had not abandoned his effort to commit the crime, but had simply been prevented from doing so.  *Id.*

In this case, Allen was charged by Information with attempted rape pursuant to I.C. § 18-6101(7).  That section states:

> 18-6101. RAPE DEFINED.  Rape is defined as the penetration, however slight, of the oral, anal or vaginal opening with the perpetrator's penis accomplished with a female under any one (1) of the following circumstances:
>
> 7. Where she submits under the belief, instilled by the actor, that if she does not submit, the actor will cause physical harm to some person in the future; or cause damage to property; or engage in other conduct constituting a crime; or accuse any person of a crime or cause criminal charges to be instituted against her; or expose a secret or publicize an asserted fact, whether true or false, tending to subject any person to hatred, contempt or ridicule.

Evidence introduced at trial showed that Allen demanded that T.H. appear at a particular place and time for the purpose of having sex with him.  In his attempt to accomplish this, Allen threatened T.H. that if she did not do as he demanded he would expose her drug use through photographs he had in his possession, thereby putting her at risk of losing her job and being criminally prosecuted.  Allen had made this threat repeatedly over the course of events in this case.  Allen also made statements to T.H. which indicated that despite the no contact order, Allen had been at T.H.'s home and had the ability to get to her whenever he wanted to.  On this evidence, the jury could reasonably find that Allen's threats and statements to T.H. subjected her to the belief that if she did not do as he demanded Allen would cause physical harm to her in the future, engage in conduct constituting a crime, cause criminal charges to be instituted against her, or expose a secret or publicize an asserted fact tending to subject her to contempt or ridicule.

4

Adding validity to Allen's threats were his actions. Previously when T.H., out of fear of what Allen may do, did appear as Allen demanded, Allen forcibly raped her. Allen was prevented from committing an additional rape on T.H. only because she was not present at the time designated. Allen's threats and acts went beyond mere preparation and were sufficient to qualify as an attempt. Accordingly, we conclude that a jury could reasonably determine that Allen had not abandoned his effort to rape T.H., but only failed in his attempt because of her actions.

Allen's judgment of conviction for attempted rape is therefore affirmed.

Chief Judge LANSING and Judge MELANSON, **CONCUR.**