**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46601**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 10, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| CHRISTOPHER ERIC GRIFFIN, JR., | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Judgment of conviction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew W. Wake, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Christopher Eric Griffin, Jr. appeals from his judgment of conviction entered upon his conditional guilty plea to attempted arson. Griffin argues the district court erred in excluding proposed testimony regarding a defense of impossibility. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Griffin was charged with arson in the third degree and attempted arson in the third degree. The charges arose after Griffin used a "Molotov cocktail" on the sidewalk outside the Bannock County Courthouse. Surveillance video captured the act and a passerby reported a burn mark and charred glass on the sidewalk. The following day, Griffin admitted to filling a beer bottle with gas with the intent to do the same. A gas station employee saw Griffin with the open

1

container filled with gas and called the police. A magistrate subsequently found probable cause and the prosecutor filed an information charging arson in the third degree and attempted arson in the third degree.

Prior to trial, the State moved to exclude the testimony of Griffin's proposed expert witness whose testimony would address the inability for concrete to burn. Griffin argued the testimony was relevant because one cannot attempt to commit a crime that cannot be committed. The district court granted the motion, determining impossibility is not a defense for an attempt charge. Thereafter, the parties entered into a conditional plea agreement. Pursuant to the agreement, Griffin would plead guilty to one count of attempted arson in the third degree while the remaining charge would be dismissed. Griffin reserved his right to appeal the district court's determination on the impossibility defense. Griffin's case proceeded to sentencing and the district court sentenced Griffin to a unified term of five years with three years determinate. The district court subsequently suspended the sentence and placed Griffin on probation for a period of four years. Griffin timely appeals.

## II.

## STANDARD OF REVIEW

The trial court has broad discretion in the admission and exclusion of evidence and its decision to admit evidence will be reversed only when there has been a clear abuse of that discretion. *State v. Folk*, 162 Idaho 620, 625, 402 P.3d 1073, 1078 (2017).

## III.

## ANALYSIS

Griffin argues the district court erred in excluding his proposed expert and any testimony regarding a defense of impossibility. Specifically, he asserts there cannot be an attempt to commit a crime that cannot be committed. Based on this Court's precedent, the district court held that factual or legal impossibility is irrelevant for purposes of Idaho's attempt statute.[1] *See State v. Glass*, 139 Idaho 815, 818, 87 P.3d 302, 305 (Ct. App. 2003); *State v. Curtiss*, 138 Idaho 466, 467, 65 P.3d 207, 208 (Ct. App. 2002). Griffin argues that because cement is not combustible it is impossible for him to have attempted to burn the sidewalk and therefore it is not possible for him to be guilty of attempted arson. The State asserts there is no impossibility defense to an attempt charge and the evidence was properly excluded. The district court

---

[1]     Idaho Code § 18-306.

correctly determined the same. Factual or legal impossibility is not relevant to a determination of the defendant's guilt of attempt. *Glass*, 139 Idaho at 818, 87 P.3d at 305. Griffin concedes as much in his briefing. Given this precedent and Griffin's lack of argument otherwise, we hold the district court did not err in excluding Griffin's proposed expert witness.

## IV.

## CONCLUSION

The district court did not abuse its discretion by excluding evidence related to a defense of impossibility. Therefore, Griffin's judgment of conviction is affirmed.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.