**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 35500**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2009 Opinion No. 51** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: June 30, 2009** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **SHELDON DON STONE,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Judgment of conviction for criminal conspiracy, aiding and abetting battery with intent to commit a serious felony (robbery), and aiding and abetting robbery, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Sheldon Don Stone appeals from his judgment of conviction, entered upon jury verdicts, for criminal conspiracy, aiding and abetting battery with intent to commit a serious felony (robbery), and aiding and abetting robbery. Stone claims that his convictions were based solely upon uncorroborated accomplice testimony in violation of Idaho Code § 19-2117. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Four men, Sanderson, Bailey, Wall, and Stone were charged relative to the beating and robbery of another man who had been Sanderson's landlord. The State alleged that Sanderson, angry that his former landlord had not returned his security deposit, asked Bailey to beat and rob the man. Wall and Stone allegedly accompanied Bailey to meet with Sanderson to plan the

1

attack. According to the State's evidence, Bailey and Wall beat and robbed the man after meeting him at an apartment under the guise of being interested in renting the apartment. Stone was alleged to have driven the car to and from the apartment.

Stone was charged with and found guilty by a jury of criminal conspiracy, I.C. § 18-1701; aiding and abetting battery with intent to commit a serious felony (robbery), I.C. §§ 18-903(a)(b) and/or (c), 18-911, 18-912, 18-204; and aiding and abetting robbery, I.C. §§ 18-6501, 18-6502, 18-204. The district court imposed three concurrent unified sentences of twelve years, with three years determinate, and retained jurisdiction. At the end of retained jurisdiction period, Stone was placed on probation for five years. Stone filed a motion for acquittal pursuant to Idaho Criminal Rule 29(c), which the district court denied. This appeal followed.

## II.

## ANALYSIS

Stone claims that his convictions cannot stand because they were based solely on the uncorroborated testimony of an accomplice in violation of I.C. § 19-2117, which provides:

> A conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient, if it merely shows the commission of the offense, or the circumstances thereof.

"This statutory corroboration requirement is intended to protect against the danger that an accomplice may wholly fabricate testimony, incriminating an innocent defendant in order to win more favorable treatment for the accomplice." *Matthews v. State*, 136 Idaho 46, 49, 28 P.3d 387, 390 (Ct. App. 2001). The corroborating evidence required by I.C. § 19-2117 need not "be sufficient to sustain a conviction on its own, nor must it corroborate every detail of the accomplice's testimony." *State v. Mitchell*, 146 Idaho 378, 382, 195 P.3d 737, 741 (Ct. App. 2008). The corroborating evidence may be slight, need only go to one material fact, and may be entirely circumstantial. *Id*. In addition, statements attributable to the defendant may serve as the necessary corroboration. *Id*. 146 Idaho 382-383, 195 P.3d at 741-742. The corroborating evidence is sufficient if it tends to connect the defendant to the crime independent of the accomplice's testimony. *State v. Aragon*, 107 Idaho 358, 364, 690 P.2d 293, 299 (1984).

Stone challenges the sufficiency of the evidence supporting the verdicts and the denial of his Rule 29 motion. Our standard of review is the same for both challenges. *State v. Hill*, 140

Idaho 625, 629, 97 P.3d 1014, 1018 (Ct. App. 2004). Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

At trial, the State called the victim, Sanderson, and Officer Cronquist. The victim provided no testimony specific to Stone's involvement in the incident. Sanderson directly inculpated Stone. Sanderson testified that Stone had arrived with Bailey and Wall and was present during conversations in which the meeting with the victim was planned. Sanderson testified that Stone drove the vehicle to and from the apartment. Sanderson received favorable treatment from the State in exchange for his testimony.[1] The district court recounted Officer Cronquist's testimony as follows:

> Detective Rocky Cronquist, of the Blackfoot City Police Department, testified that Stone's name came up in Cronquist's interview with Sanderson. Cronquist interviewed Stone in December of 2006, some five (5) months after the incident. Cronquist told Stone he was there to interview Stone about an incident which had occurred in Blackfoot. Stone indicated that he was not in Blackfoot and that the only thing he was aware of was what he had seen on the news regarding Bailey and Wall. Cronquist did not mention names, Stone brought them up. Cronquist informed Stone that an individual (which turned out to be Sanderson) was cooperating with the police, the police knew Stone was involved, and Stone could probably get the same deal as the cooperating individual if Stone would cooperate. Stone responded that he had, in fact, been in Blackfoot, but that all he knew was that the incident occurred because "a guy owed somebody some money," which he (Stone) said had learned from the news.

---

[1] The district court instructed the jury that Sanderson, Bailey and Wall were accomplices.

The district court looked to the testimony of Detective Cronquist to determine whether it was sufficiently corroborative of Sanderson's testimony for purposes of I.C. § 19-2117. The court held:

> The State's evidence linking Stone to the battery upon and robbery of [the victim] is certainly tenuous. This Court notes that although Stone told Cronquist he learned everything he knew about the crime on the news, Stone could recall the names of two of the co-conspirators, Bailey and Wall, some five months after the incident occurred. Furthermore, Stone initially told Cronquist he had not been in Blackfoot when the incident occurred, but changed his story to say that he was in Blackfoot when the incident occurred. The question before the Court becomes whether or not this evidence, and the inferences that can be drawn therefrom, is sufficient to connect Stone to the crime.
>
> Although the corroborating evidence is threadbare, this Court finds that the inferences therefrom tend to connect Stone to the crime. If, as Stone seemed to indicate to Cronquist, Stone was merely a casual observer of a news story, it seems unlikely that Stone would recall the names of the perpetrators five months after the crime, and the subsequent news story, became public information. In addition, Stone's sudden change in recollection, when Cronquist told Stone that he could receive more favorable treatment like the cooperating individual if Stone would cooperate with the police, is at odds with someone who had absolutely no connection, other than as a recipient of a news story, to a criminal act. Reasonable minds can infer from Stone's statements to Cronquist that Stone knew more about the incident than he was willing to reveal. . . .

We agree with the district court's characterization of both the strength and sufficiency of the corroborative evidence. As noted, corroborative testimony may be "slight" and need only "tend" to connect the defendant to the crime. Stone's unsolicited knowledge of the names of the individuals involved, and the motive for the crime, could reasonably be inferred to indicate more involvement than a passive recipient of news. Even a highly plausible innocent explanation of the evidence "does not strip the evidence of its corroborative character." *See Hill*, 140 Idaho at 630, 97 P.3d at 1019. Moreover, one is entitled to reasonably question why Stone would initially claim not to be in Blackfoot and then change his story if he had no connection at all to the incident. Sufficient corroborative evidence was presented at trial to sustain the verdicts.[2]

---

[2]      Stone called Bailey and Wall to testify at trial. They testified that Stone was with them in Blackfoot, was in the car to and from the apartment, and returned home with them after the incident, although denying that Stone drove the car. The State contends that this evidence should be considered as corroborative. While, as Stone points out, one accomplice cannot corroborate another accomplice, *State v. Rose,* 75 Idaho 59, 267 P.2d 109 (1954), the State argues that in the circumstance where the accomplice is called by the defendant, the basis for the rule, i.e., "to

## III.

### CONCLUSION

The evidence presented at trial was sufficient to sustain the verdicts. The accomplice's testimony was corroborated as required by I.C. § 19-2117. Therefore, Stone's judgment of conviction is affirmed.

Chief Judge LANSING and Judge GUTIERREZ, **CONCUR.**

---

protect against the danger that an accomplice may wholly fabricate testimony, incriminating an innocent defendant in order to win more favorable treatment," does not exist. As we have determined that the evidence presented by the State is sufficiently corroborated, we need not reach this issue.