## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket Nos. 44620 & 44621

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2018 Unpublished Opinion No. 342 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: January 31, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| KYLE B. ANDERSON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Hon. Susan E. Wiebe, District Judge.

Order granting motion for a judgment of acquittal, <u>affirmed</u>.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for appellant. Kale D. Gans argued.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for respondent. Jason C. Pintler argued.

---

HUSKEY, Judge

The State appeals from the district court's order granting Kyle B. Anderson's motion for a judgment of acquittal for two felonies and one misdemeanor: (1) felony possession of a controlled substance, methamphetamine; (2) felony possession of a controlled substance, heroin; and (3) misdemeanor possession of drug paraphernalia. For the reasons set forth below, we affirm the district court's order granting Anderson's motion for a judgment of acquittal.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

After leaving a half-way house, Anderson stayed the night at the residence of Witness 1 and Witness 2. The next morning, Anderson's probation officer entered the home and conducted a pat-down search of Anderson. The probation officer also searched Anderson's bag and belongings. The search yielded nothing illegal, yet Anderson admitted to the probation officer

1

that he used heroin the previous day. The probation officer also observed injection sites on Anderson's arm.

The probation officer, assisted by policemen, searched the home. The officers found various controlled substances and paraphernalia in the bedroom shared by Witness 1 and 2. In the bedroom were two safes; one was on the floor and the second, a small lockbox, was inside the closet. The safe on the floor was opened by Witness 1. The lockbox in the closet could not be opened without a key, and the only person who possessed the key was incarcerated. One of the officers opened the lockbox by force and discovered various drugs and paraphernalia inside.

Three relevant pieces of evidence were recovered from Witness 1 and 2's bedroom and introduced at trial: (1) methamphetamine found inside the lockbox in the closet; (2) heroin on a spoon and cotton swab found inside the lockbox in the closet; and (3) a glass methamphetamine pipe found among the clothes in the closet. Anderson, Witness 1, and Witness 2 were all arrested as a result of the search.

In Docket No. 44621, the State charged Anderson with: (1) felony possession of a controlled substance, methamphetamine, Idaho Code § 37-2732(c)(1); (2) felony possession of a controlled substance, heroin, I.C. § 37-2732(c)(1); and (3) felony possession of a controlled substance, methadone, I.C. § 37-2732(c)(1). In Docket No. 44620, the State charged Anderson by citation with: (1) misdemeanor possession of a controlled substance, marijuana, I.C. § 37-2732(c); and (2) misdemeanor possession of paraphernalia, methamphetamine pipe, I.C. § 37-2734(a). The two cases were consolidated for trial. The State later alleged that Anderson was a persistent violator and dismissed the possession of methadone charge and the possession of marijuana charge.

At trial, Witness 1 testified that Anderson brought heroin to her residence. Witness 1 testified that while Anderson was at her residence, he injected heroin and smoked methamphetamine with his own glass pipe. Witness 1 also explained Anderson hid illegal items throughout the residence when Anderson saw police approaching the residence. Witness 2 testified that Anderson smoked methamphetamine with a glass pipe and injected heroin. Witness 2 testified that although the methamphetamine belonged to him, Anderson brought heroin to the residence.

After the State rested its case, Anderson moved for a judgment of acquittal under Idaho Criminal Rule 29. Anderson argued there was insufficient evidence for a conviction and asserted

that the State failed to corroborate the testimony of Witness 1 and 2. The district court took the motion under advisement. On the following day, Anderson withdrew his motion on the condition that he could renew the motion after the jury's decision. The jury found Anderson guilty of all three charges: (1) possession of methamphetamine; (2) possession of heroin; and (3) possession of drug paraphernalia.

Anderson filed a motion for a judgment of acquittal on all three charges pursuant to I.C.R. 29. The State objected to Anderson's I.C.R. 29 motion and asserted that there was substantial material evidence for the jury to find guilt beyond a reasonable doubt. The district court granted Anderson's renewed motion for a judgment of acquittal for all counts. The district court held:

> The State makes the following five arguments regarding evidence to corroborate the accomplice's testimony: (1) the fact that Anderson was in the kitchen upon police arrival could be considered proof that Anderson knew there were illegal items in the home since he was in the location in the home furthest from the items; (2) the "track marks" on his arm corroborate the testimony that he had injected illegal substances; (3) Anderson's admission that he had used heroin the day prior to the arrest corroborates the possession of heroin testimony; (4) the heroin in the lockbox "could have been accessible to the Defendant" even though it was inaccessible to police; and (5) the discovery of the glass meth pipe corroborated [Witness 1]'s testimony that Anderson put it there immediately before police entered the home.
>
> Items (1) and (4) above are simply arguments as to what the jury could infer from the evidence presented at trial, not what evidence corroborates accomplice testimony. Items (2) and (3) above, related to Anderson's admission of heroin use and the "track marks" located on his arm could potentially corroborate the accomplice testimony regarding possession of heroin, except that the heroin admitted at trial was recovered from a lockbox in [Witness 1]'s closet that had to be forced open because no one had a key to it. Finally, item (5) above, regarding the discovery of the meth pipe in the closet, does not corroborate [Witness 1]'s testimony that Anderson put it there. There is nothing about the discovery of the meth pipe that links Anderson specifically to being in possession of it.
>
> Similar to *State v. Dietrich*, the only evidence linking Anderson to possession of the controlled substances and possession of paraphernalia was the testimony of [Witness 1] and [Witness 2] claiming that Anderson brought the heroin to the residence, injected heroin while at the residence, smoked meth, owned the meth pipe, and stashed some of the illegal items in their bedroom. Because there is no evidence to corroborate the testimony of [Witness 1] and [Witness 2] linking Anderson to the crimes, the evidence is insufficient to sustain Anderson's convictions.

The State timely appeals.

## II.

## STANDARD OF REVIEW

Idaho Criminal Rule 29 provides that when a verdict of guilty is returned, the court, on motion of the defendant, shall order the entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction of the offense. The test applied when reviewing the district court's ruling on a motion for a judgment of acquittal is to determine whether the evidence was sufficient to sustain a conviction of the crime charged. *State v. Fields*, 127 Idaho 904, 912-13, 908 P.2d 1211, 1219-20 (1995). When reviewing the sufficiency of the evidence where a judgment of conviction has been entered upon a jury verdict, the evidence is sufficient to support the jury's guilty verdict if there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We do not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

## III.

## ANALYSIS

The State argues the district court erred in granting Anderson's motion for a judgment of acquittal. Specifically, the State asserts the district court erred when it determined there was no evidence to corroborate the testimony of the accomplice witnesses. The State argues that because there was evidence to corroborate the testimony of the accomplice witnesses, there was substantial and competent evidence to support the jury's finding beyond a reasonable doubt that Anderson was guilty of possession of methamphetamine, heroin, and paraphernalia.

A defendant may not be convicted on the testimony of an accomplice unless the testimony is "corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense." I.C. § 19-2117. The corroboration requirement is intended to prevent an accomplice from

4

incriminating an innocent defendant through wholly-fabricated testimony. *Matthews v. State*, 136 Idaho 46, 49, 28 P.3d 387, 390 (Ct. App. 2001). Corroborating evidence need not be sufficient to sustain a conviction on its own, nor must it corroborate every detail of the accomplice's testimony. *State v. Mitchell*, 146 Idaho 378, 382-83, 195 P.3d 737, 741-42 (Ct. App. 2008). The corroborating evidence may be slight, may go to only one material fact, and may be entirely circumstantial. *State v. Stone*, 147 Idaho 890, 891-92, 216 P.3d 648, 649-50 (Ct. App. 2009). Statements attributable to the defendant may also serve as the necessary corroboration. *Mitchell*, 146 Idaho at 382, 195 P.3d at 741. Furthermore, the corroborating evidence is sufficient if it tends to connect the defendant to the crime, independent of the testimony of the accomplice. *Stone*, 147 Idaho at 892, 216 P.3d at 650.

**A.      The District Court Did Not Err When It Granted Anderson's I.C.R. 29 Motion for Possession of Methamphetamine**

**1.      Because Anderson did not have access to the lockbox, he could not exercise power and control of the methamphetamine, and thus, the State cannot corroborate accomplice testimony that Anderson possessed crystalline methamphetamine**

There is evidence of two different types of methamphetamine in this case: the crystalline methamphetamine found in the lockbox and the methamphetamine residue found in the pipe in the closet. The district court did not err when it determined the only evidence linking Anderson to possession of the crystalline methamphetamine was the testimony of Witness 1 and 2. Witness 1 testified she saw Anderson smoke methamphetamine from a glass pipe, but she did not recall how many times. Witness 1 also explained that she used methamphetamine with Anderson. Witness 2 also testified that Anderson used methamphetamine. Specifically, Witness 2 explained that the methamphetamine belonged to him,[1] but Anderson smoked it. When asked additional questions regarding the methamphetamine discovered by the police, Witness 2 admitted that he had injected and smoked methamphetamine, and claimed that Anderson had smoked methamphetamine with him.

There is no additional evidence of Anderson's possession of the crystalline methamphetamine that corroborates the testimony of the two accomplices. Police did not find crystalline methamphetamine when they conducted a pat-down of Anderson and searched his belongings. The only crystalline methamphetamine admitted into evidence came from the

---

[1]      When asked if he knew how the methamphetamine was in his home, Witness 2 stated, "I had the Meth."

baggies that were found inside the lockbox. However, to the extent the State asserts Anderson possessed the methamphetamine found in the lockbox, the State concedes Anderson had no access to the lockbox. Without additional evidence to show Anderson actually or constructively possessed the crystalline methamphetamine found in the lockbox, the State has failed to corroborate the accomplice testimony.

    **2.**    **Because the State did not corroborate the accomplice testimony that Anderson possessed the methamphetamine residue, the State failed to prove Anderson possessed the methamphetamine residue in the pipe**

The State asserts an alternative theory of corroboration that the discovery of methamphetamine residue in the pipe was sufficient to corroborate the testimony of Witness 1 and 2. While the parties agree that the crystalline methamphetamine in the lockbox was inaccessible to Anderson, the parties disagree regarding the residue from the methamphetamine pipe found in the bedroom closet of Witness 1 and 2. In a footnote of its opening brief, the State asserts that the testimony of Witness 1--that Anderson smoked methamphetamine with a pipe and hid the pipe as police approached the home--is corroborated by the fact that the methamphetamine pipe was located in the bedroom closet shared by Witness 1 and 2. And although conceding that Anderson had no access to the items found in the lockbox, the State argues that its concession "has no bearing on the methamphetamine pipe found outside the lockbox."

Anderson responds that the State's position was not argued at trial, and thus, is not preserved on appeal. However, during the arguments on Anderson's motion for a judgment of acquittal--outside the presence of the jury--the State argued: "So, I mean, if the baggie of Methamphetamine is thrown out, we still have the pipe for the charge of Methamphetamine." This is sufficient to preserve the issue for purposes of appeal. Nonetheless, neither the location nor the existence of the methamphetamine pipe corroborated the testimony of Witness 1 and 2 that Anderson possessed methamphetamine.

In order to corroborate the testimony in this case, we must examine what other evidence, in and of itself and without the aid of the testimony of the accomplice, tends to connect Anderson with the charge of possessing the methamphetamine residue in the pipe. The evidence to support this charge is the crystalline methamphetamine (which was found in a lockbox that, the State concedes, Anderson could not access), the methamphetamine pipe located in the bedroom closet, Anderson's admission that he ingested heroin, and Anderson being in the kitchen when the

6

police arrived at the residence of Witness 1 and 2. None of this evidence links Anderson to the methamphetamine pipe and the residue within. There are no statements attributable to Anderson which serve as corroboration, as Anderson only admitted to ingesting heroin and that admission is insufficient to support an inference that Anderson also possessed the methamphetamine pipe and the residue therein that was found in Witness 1 and 2's bedroom closet. As such, the existence of the methamphetamine pipe found in Witness 1 and 2's bedroom closet does not tend to connect Anderson to the crime of possessing methamphetamine independent of the testimony of the accomplice. Thus, the district court did not err in determining the methamphetamine pipe and the residue it contained did not corroborate the testimony of the accomplices.

### 3. We will not infer Anderson possessed methamphetamine based on Anderson's admission of heroin use

On appeal, the State argues that pursuant to the holding in *Stone*, this Court can reasonably infer Anderson used methamphetamine from the following evidence: (1) the "track marks" on Anderson's arm; and (2) Anderson's admission to his probation officer that he had been at the accomplices' house and relapsed with heroin the previous day. We decline to read *Stone* so broadly as to infer Anderson's guilt on the methamphetamine charge from the injection marks on his arms and his admission to using heroin.

In *Stone*, four men were charged with a battery and a robbery. *Id.* at 891, 216 P.3d at 649. At trial, one accomplice testified that Stone was present during the planning of the robbery and drove the car. *Id.* at 892, 216 P.3d at 650. Following his conviction, Stone appealed and argued that his charge was based solely on the uncorroborated testimony of that accomplice. *Id.* at 891, 216 P.3d at 649. The district court, and subsequently this Court, disagreed with Stone and determined that Stone's statements to a detective corroborated the statements of the accomplice about Stone's involvement in the crimes. *Id.* at 892-93, 216 P.3d at 650-51. In *Stone*, the detective testified that he interviewed Stone five months after the robbery. *Id.* at 892, 216 P.3d at 650. Although Stone said he was not in the city where the crimes occurred and had only heard of the crimes from a news story, Stone mentioned the names of two accomplices in his discussion with the detective. *Id.* When the detective explained that Stone could receive the same favorable treatment as one cooperative accomplice, Stone changed his story and said he had been in the city where the robbery occurred. *Id.* at 892-93, 216 P.3d at 650-51.

The district court recognized that the evidence linking Stone to the crimes was tenuous, but found the evidence sufficient to corroborate the testimony of the accomplice because Stone

mentioned the names of two accomplices and changed his story when the detective offered more favorable treatment in exchange for cooperation. *Id.* The district court held: "Reasonable minds can infer from Stone's statements to [the detective] that Stone knew more about the incident than he was willing to reveal." *Id.* at 893, 216 P.3d at 651. On appeal, this Court agreed with the district court that there was sufficient corroborative evidence to sustain the guilty verdicts. *Id.*

Unlike the circumstances in *Stone*, there is no evidence that Anderson was asked specifically about his possession of methamphetamine, that Anderson made any statements linking him to the methamphetamine charge, or that he ever changed his story. Stone's comments were suspicious because, while he denied connection to the crime, Stone could relate specific information about the crimes and the individuals involved. *Id.* at 893, 216 P.3d at 651. Anderson's comments were not suspicious--he was forthcoming about his heroin use--and were neither related to the methamphetamine charge nor suggested that Anderson was guilty of methamphetamine possession. In short, nothing Anderson said or did tended to link him to the possession of methamphetamine charge. The State maintains that Anderson's admission to using heroin, specifically, is synonymous with using controlled substances, generally, and therefore, heroin use corroborates methamphetamine use. We disagree. Physical evidence of heroin use does not signify that Anderson possessed methamphetamine; consequently, the State failed to corroborate the testimony of Witness 1 and 2 regarding Anderson's possession of methamphetamine. As a result, the district court did not err when it granted Anderson's I.C.R. 29 motion for a judgment of acquittal on the methamphetamine possession charge.

**B.    The District Court Did Not Err When It Granted Anderson's I.C.R. 29 Motion for Possession of Heroin**

Similar to the methamphetamine charge, the State argues there was enough evidence of heroin possession to corroborate the testimony of Witness 1 and 2. Specifically, the State claims Anderson's admission to the probation officer that he relapsed on heroin, as well as the injection marks on Anderson's arm, are sufficient to corroborate the testimony of Anderson's heroin use.

In this case, Witness 1 and 2 testified that Anderson used heroin when he was at their residence. Witness 1 testified she saw Anderson use heroin in the living room and maybe once in the bedroom. Witness 1 explained Anderson possessed heroin when she picked him up, and she and Anderson both injected the heroin when they returned to her residence. Witness 2 also testified that Anderson used heroin.

8

There is sufficient evidence of Anderson's heroin usage to corroborate the testimony of Witness 1 and 2. Anderson admitted to his probation officer that he relapsed and used heroin. Additionally, the probation officer testified that he observed "track marks" on Anderson's arm, which is evidence of injecting drugs. Anderson's admission and the evidence of injection marks on his arms are sufficient to corroborate the testimony of the accomplices, therein supporting the inference that Anderson used heroin.

However, even though the evidence of heroin usage was corroborated in this case, the only heroin admitted into evidence was located in a lockbox that was inaccessible to Anderson. The State concedes on appeal that Anderson did not constructively or actually possess the heroin residue found in the lockbox. The State's brief on appeal explains: "[T]he State concedes on appeal that there was insufficient evidence to show that Anderson--or for that matter anyone other than [Witness 1]'s imprisoned boyfriend--could access the heroin found in the lockbox." As no evidence of any other heroin was admitted, the district court did not err when it granted Anderson's I.C.R. 29 motion for a judgment of acquittal on the possession of heroin charge.

On appeal, the State provides the following alternative argument: Anderson's admission to his probation officer and the injection marks on his arm are sufficient to support a conviction for possessing heroin *other* than the heroin residue found on the spoon and cotton swab in the lockbox. This alternative argument was not presented at trial, and thus, cannot be raised for the first time on appeal. *State v. Garcia-Rodriguez*, 162 Idaho 271, 276, 396 P.3d 700, 705 (2017).

Finally, as with the methamphetamine charge, the State contends that *Stone* allows this Court to imply Anderson's guilt from the relevant and circumstantial evidence of heroin use. We disagree. The State conceded in the I.C.R. 29 hearing that if the evidence of the heroin from the lockbox did not corroborate the accomplice testimony and was not attributable to Anderson, then there was no "alternative object or evidence in relation to the heroin charge," thus conceding it could not proceed on an alternative theory of possession. As such, we decline to address an argument that Anderson possessed heroin different than the heroin found in the lockbox.

**C.     The District Court Did Not Err When It Granted Anderson's I.C.R. 29 Motion for Possession of Paraphernalia**

The possession of a methamphetamine pipe was the third charge upon which the district court granted Anderson's I.C.R. 29 motion for a judgment of acquittal. On appeal, the State claims the district court erred in granting Anderson's I.C.R. 29 motion. However, the State fails to present an analysis as to why the district court erred in this regard. However, assuming

9

arguendo that the State's argument about drug use, generally, preserves this issue, we will address it.

At trial, Witness 1 testified that Anderson brought a pipe to her residence and she witnessed Anderson smoking methamphetamine out of this glass pipe. Witness 1 explained that as the police approached her home, she and Anderson attempted to hide any evidence of drug use. Witness 1 testified that Anderson gathered all of his paraphernalia from the coffee table and put it in Witness 1's room. Witness 1 stated that, at one point, she saw Anderson in the bathroom area near the closet. Upon searching the home, police discovered a pipe in Witness 1's closet, and Witness 1 testified that she believed the pipe in the closet belonged to Anderson.

In an attempt to corroborate the accomplice testimony, the State argued to the district court: "The jury could have reasonably inferred Defendant's knowledge and control of the pipe due to: (1) his admission of being [at the residence] for three days and (2) his admission of general drug use."[2] The district court was not persuaded by this argument. In its order, the district court held that the discovery of a methamphetamine pipe--found between stacked clothing in the bedroom closet--did not corroborate Witness 1's testimony that the pipe was Anderson's and that Anderson placed the pipe in the closet as the police approached the home. The court held: "There is nothing about the discovery of the meth pipe that links Anderson specifically to being in possession of it."

In its opening brief, the State fails to argue how the district court erred regarding the possession of paraphernalia charge.[3] Although the State explains the factual relevance of the methamphetamine pipe, the only analysis of the paraphernalia charge is relegated to two footnotes. One footnote claims: "Regardless of the contents of the ground safe, there was still ample evidence that Anderson possessed the pipe with methamphetamine found outside both safes." The second footnote asserts that although the State concedes Anderson did not have

---

[2]     There is no evidence that Anderson admitted to general drug use. Anderson only admitted to his probation officer that he relapsed and used heroin.

[3]     We acknowledge the State presents a greater analysis of the paraphernalia charge in its reply brief. The State's evidence focuses almost exclusively on the testimony of Witness 1, rather than any additional evidence to corroborate the accomplice testimony. Even if applicable, we will not consider arguments raised for the first time in the appellant's reply brief. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005). "A reviewing court looks only to the initial brief on appeal for the issues presented because those are the arguments and authority to which the respondent has an opportunity to respond in the respondent's brief." *Id.*

access to the heroin in the lockbox, "this has no bearing on the methamphetamine pipe found *outside* the lockbox, which ample evidence shows Anderson possessed." While the State implies the testimony of Witness 1 provides ample evidence to show Anderson possessed the methamphetamine pipe, in essence, the State asks this Court to make a double inference: first, that the admission of heroin use can be used to infer methamphetamine use, and second, that Anderson used the pipe found in the closet to ingest methamphetamine.

This Court declines to make these inferences. First, without the double inference, aside from the accomplice testimony, there is no evidence linking Anderson to the pipe. Second, while there is evidence that Anderson was in the house where methamphetamine was used, Anderson's physical proximity to the pipe (to the extent his presence in the kitchen constitutes proximity) does not establish proof of possession, *State v. Garza*, 112 Idaho 778, 784, 735 P.2d 1099, 1095 (Ct. App. 1987) and neither does his presence in the house, where he is not exclusively in possession of the premises. *State v. Blake*, 133 Idaho 237, 242, 985 P.2d 117, 122 (1999). Since the testimony of Witness 1 is not corroborated, the district court did not err when it held there was no evidence that linked the methamphetamine pipe to Anderson. The district court therefore did not err when it granted Anderson's motion for a judgment of acquittal.

## IV.

## CONCLUSION

For the reasons set forth above, we affirm the district court's order granting Anderson's motion for a judgment of acquittal.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.