97 P.3d 1014

STATE of Idaho, Plaintiff–Respondent,

v.

Renda Rene HILL, Defendant–Appellant.

No. 29258.

Court of Appeals of Idaho.

May 13, 2004.

Review Denied Sept. 3, 2004.

Molly J. Huskey, State Appellate Public Defender; Paul S. Sonenberg, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge.

Renda Rene Hill appeals the judgment of conviction entered after a jury found her guilty of forgery. She contends that the district court committed reversible error by failing to instruct the jury that a defendant could not be convicted solely on the testimony of an accomplice. Hill also asserts that the court erred in admitting certain documents into evidence and that there was insufficient evidence to support her conviction.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

The following facts are taken from the evidence presented by the State at trial. Hill's friend, Shirley Beierle, told Hill that Michael Paxton, the man Beierle lived with, had just recently died. Upon learning that Beierle was in possession of Paxton's $829 Social Security check, Hill offered to cash the check for Beierle. Beierle accepted the offer, and a few days later, in Hill's presence, Beierle signed both her name and Paxton's on the back of the check. She then gave the check to Hill, who cashed the check at the Bank of Commerce while Beierle waited in the car. Hill retained $250 of the check proceeds and gave the remainder to Beierle.

A few weeks later, the Bank of Commerce received the check back from the federal government. One of the Bank's employees, Mark Nelson, attempted to contact Hill to discuss repayment of the check but was continually unable to reach her. After approximately three months, a bank representative contacted Detective Charles Decker of the Idaho Falls Police Department regarding the returned check. She told Detective Decker that a check had been returned to the bank because the payee was deceased and his endorsement had been forged. Decker contacted Beierle, who admitted that she had signed the check and that Hill had cashed the check in exchange for $250. Decker then questioned Hill, who claimed that Beierle had asked her to cash the check for Paxton because he was too sick to do so himself. Hill said that she had not known that Paxton was dead.

Hill was charged with one count of forgery, Idaho Code § 18-3601, with the prosecution requesting a persistent violator sentence enhancement, I.C. § 19-2514. Following a jury trial, Hill was found guilty. She then filed a motion for a judgment of acquittal pursuant to Idaho Criminal Rule 29(a), arguing that there was insufficient evidence to support the jury's verdict because the testimony of Beierle, an accomplice, was uncorroborated. The trial court denied the motion. Hill now appeals, alleging trial errors and challenging the denial of her motion for a judgment of acquittal.

## II.

### ANALYSIS

#### A. Admission of Evidence

##### 1. Reclamation document

■ During the trial, the State sought to introduce into evidence, through an employee of the Bank of Commerce, a document entitled "Request for Refund (Check Reclamation)." The document was sent to the Bank of Commerce from the Federal Reserve Bank and advised the Bank of Com-

merce that Paxton's social security check had been negotiated on a "forged or unauthorized endorsement" as Paxton had died prior to issuance of the check. Hill objected to its admission, arguing that the document was inadmissible hearsay. The State responded that it was admissible under Idaho Rule of Evidence 803(6) as a regularly kept business record. The district court overruled Hill's objection and admitted the exhibit.

Hill argues on appeal that the document was not admissible under I.R.E. 803(6) because it was not a record generated by the Bank of Commerce and bears no signature, letterhead, or any indication of who prepared it. The State argues that the document was admissible because it was received and kept by the Bank of Commerce in the regular course of its business and for the purpose of making business decisions.[1]

■■■ Rule 803(6),[2] the business record exception to the hearsay rule, allows admission of a record or report if it was made and kept in the course of a regularly conducted business activity and if it was the regular practice of that business to make the report or record. *See Henderson v. Smith*, 128 Idaho 444, 450, 915 P.2d 6, 12 (1996); *In the Interest of S.W.*, 127 Idaho 513, 520, 903 P.2d 102, 109 (Ct.App.1995). These foundational requirements must be shown through "the testimony of the custodian or other qualified witness." I.R.E. 803(6). That is, the record must be authenticated by someone "who has custody of the record as a regular part of his or her work or who has supervision of its creation." *Henderson*, 128 Idaho at 450, 915 P.2d at 12. A document is not admissible under I.R.E. 803(6) unless the person testifying has a personal knowledge of the record-keeping system used by the business which

*created* the document. *Id., Herrick v. Leuzinger*, 127 Idaho 293, 297, 900 P.2d 201, 205 (Ct.App.1995).

This Court addressed a similar situation in *In the Interest of S.W.* We there held that a letter from a psychotherapist to a Court Appointed Special Advocate (CASA) volunteer, which was admitted through the testimony of the CASA volunteer who received the letter rather than the psychotherapist who prepared it, was not admissible under the business record exception. *In the Interest of S.W.*, 127 Idaho at 520, 903 P.2d at 109. We stated:

> Although CASA may be a business entity within the scope of the rule, CASA is not the business that prepared the letter. Just putting the letter in CASA's files did not transform it into CASA's business record within the meaning of I.R.E. 803(6).

*Id.*

■■■ In the case before us, the State introduced the reclamation document, which was generated by the Federal Reserve Bank or some other agency, through the testimony of a Bank of Commerce employee. The witness testified that the document was received by the Bank of Commerce and kept by the Bank of Commerce as part of its regular business procedures, but he could not testify about the preparation of the document and was unaware of the procedures used and followed in its preparation. There was no testimony presented by any witness familiar with the system used to create the document. As we held in *In the Interest of S.W.*, mere receipt and retention of a document created by another entity cannot transform the document into a business record of the recipient for the purposes of the business record exception. Accordingly, the district court erred in ad-

---

**1.** The State does not argue, and we therefore do not consider, whether the record was admissible under I.R.E. 803(8) as a record of a public office or agency.

**2.** Rule 803(6) provides that the following types of documents are not excluded by the hearsay rule:

A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regu-

larly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

mitting the reclamation document under I.R.E. 803(6).

However, error in the admission of evidence does not require the reversal of a judgment if, in the context of the entire trial, the error was harmless. I.R.E. 103; I.C.R. 52; *State v. Goerig,* 121 Idaho 108, 111, 822 P.2d 1005, 1008 (Ct.App.1991); *State v. Stoddard,* 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct.App.1983). An evidentiary error is harmless if the reviewing court "can find beyond a reasonable doubt that the jury would have reached the same result without the admission of the challenged evidence." *State v. Moore,* 131 Idaho 814, 821, 965 P.2d 174, 181 (1998); *State v. Slater,* 136 Idaho 293, 300, 32 P.3d 685, 692 (Ct.App.2001). The reclamation document did not present the jury with any information that had not already been introduced through the testimony of other witnesses. Beierle testified that Paxton had died and that she had thereafter forged his endorsement on the Social Security check, and the Bank of Commerce employee testified that the check had been returned to the bank by the federal government. The reclamation document was therefore merely cumulative evidence. Consequently, we conclude that the error in the admission of this document was harmless.

### 2. Bank loan document

Shortly after being contacted by Detective Decker, Hill made arrangements with the Bank of Commerce to obtain a loan that would be used to repay the bank for the dishonored check. At trial the State introduced, over Hill's objection, the loan agreement signed by Hill, which stated that the purpose was to "pay for forged check/bank loss." Hill contends that the trial court erred in admitting this evidence without redacting the portion stating the purpose of the loan because that content was inappropriate lay opinion testimony and commented on the ultimate issue in the case.

The trial court did not err in admitting the loan agreement. The agreement is not lay opinion testimony; rather, it is a contract that was offered as an acknowledgment by Hill that the check was forged and had to be repaid. With respect to her argument that evidence addressing the ultimate issue in a case is inadmissible, Hill has offered no supporting authority. In fact, I.R.E. 704 specifically provides that "[t]estimony in the form of an opinion or inference otherwise admissible is *not* objectionable because it embraces an *ultimate issue* to be decided by the trier of fact." (Emphasis added). The loan agreement is not inadmissible either because it is improper lay opinion testimony or because it speaks to an ultimate issue in the case.

Hill also contends that the agreement should have been excluded under I.R.E. 403 because its probative value was substantially outweighed by the danger of unfair prejudice. We conclude that there was no danger of *unfair* prejudice and therefore, no error in admission of the entire document.

### B. Sufficiency of the Evidence

Hill next contends that her motion for a judgment of acquittal should have been granted because the State relied upon the testimony of an accomplice, Beierle, which under I.C. § 19–2117 cannot sustain a conviction unless it is corroborated by other evidence. Idaho Criminal Rule 29 authorizes entry of a judgment of acquittal "if the evidence is insufficient to sustain a conviction of such offense or offenses." Upon review of the denial of such a motion, this Court must determine whether there was substantial and competent evidence to support the verdict. *State v. Hollon,* 136 Idaho 499, 501, 36 P.3d 1287, 1289 (Ct.App.2001); *State v. Willard,* 129 Idaho 827, 828, 933 P.2d 116, 117 (Ct. App.1997). We must independently consider the evidence to determine whether a reasonable mind could conclude that the defendant's guilt had been proven beyond a reasonable doubt on each essential element of the crime. *State v. Dietrich,* 135 Idaho 870, 873, 26 P.3d 53, 56 (Ct.App.2001); *Willard,* 129 Idaho at 828, 933 P.2d at 117. In so doing, this Court will construe all of the evidence in favor of upholding the verdict, *Hollon,* 136 Idaho at 501, 36 P.3d at 1289, and will not substitute its view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, or the inferences to be drawn from the evidence. *Dietrich,* 135 Idaho at 873, 26 P.3d at 56.

Corroboration of an accomplice's testimony is required by I.C. § 19–2117, which provides:

A conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient, if it merely shows the commission of the offense, or the circumstances thereof.

Idaho appellate courts have held that corroborating evidence need not be sufficient to sustain a conviction on its own, *State v. Aragon*, 107 Idaho 358, 364, 690 P.2d 293, 299 (1984); *State v. Campbell*, 114 Idaho 367, 370, 757 P.2d 230, 233 (Ct.App.1988), nor must the evidence corroborate every detail of the accomplice's testimony. *Matthews v. State*, 136 Idaho 46, 50, 28 P.3d 387, 391 (Ct.App.2001). It is sufficient if it tends to connect the defendant to the crime independently of the accomplice's testimony. *Aragon*, 107 Idaho at 364, 690 P.2d at 299; *Matthews*, 136 Idaho at 50, 28 P.3d at 391; *State v. Morris*, 116 Idaho 16, 20, 773 P.2d 284, 288 (Ct.App.1989). The corroborating evidence may be slight, need only go to one material fact, and may be entirely circumstantial. *State v. Jones*, 125 Idaho 477, 486, 873 P.2d 122, 131 (1994); *Aragon*, 107 Idaho at 364, 690 P.2d at 299.

The State's primary witness at trial, Beierle, was unquestionably an accomplice. She testified that Hill took the check, knowing that Beierle had endorsed it with both Paxton's signature and her own, and then cashed it at the Bank of Commerce. This testimony was corroborated by bank employee Nelson, who testified that he saw Hill in the bank on the day in question. He said that he was aware that Hill cashed Paxton's Social Security check because the bank teller sought Nelson's approval before accepting the check. Furthermore, the check itself was in evidence and bears Hill's endorsement below the signatures placed by Beierle.

This evidence connects Hill with the charged crime independent of Beierle's testimony. While the corroborative evidence would not be adequate in itself to support a conviction, it does show that Hill passed a forged check as true and genuine, which is an element of the crime of forgery. *See* I.C. § 18–3601. As noted above, the corroborating evidence may be slight and need only address one material fact. Although the corroborative evidence is subject to an innocent explanation, which Hill presented at trial, an innocent explanation does not strip the evidence of its corroborative character. Therefore, the trial evidence was sufficient to sustain the jury's verdict, and the district court did not err in denying Hill's motion for a judgment of acquittal.

**C. Jury Instruction**

Hill also contends that the district court erred by failing to sua sponte instruct the jury that a defendant cannot be convicted upon an accomplice's testimony unless that testimony is corroborated. The State responds that such an instruction is not necessary absent a request from the defense. Assuming, without deciding, that the court had a duty to so instruct the jury even in the absence of a request by the defendant, we deem any failure in this regard to be harmless. An error in failing to give such an instruction may be harmless if ample corroborative evidence was presented. *State v. Scroggins*, 110 Idaho 380, 385–86, 716 P.2d 1152, 1157–58 (1985). As discussed above, the testimony of accomplice Beierle was sufficiently corroborated by independent evidence tending to connect Hill to the crime. Because there was ample corroboration of the accomplice testimony, there is no reason to believe the jurors would have reached a different result if they had been instructed on the corroboration requirement. Consequently, the court's failure to give the accomplice instruction, even if erroneous, does not require reversal.

**D. Motion for Mistrial**

During the State's case-in-chief, while questioning Detective Decker, the prosecutor asked, "What was the date you spoke to Ms. [Hill] in jail?" Before Detective Decker answered, Hill objected to the prosecutor's reference to Hill being in jail, and moved for a mistrial. The trial court sus-

tained the objection but denied the motion for a mistrial. The court immediately instructed the jury to disregard the prosecutor's question and later instructed that any matters stricken should not be considered or discussed during the jury's deliberations. On appeal, Hill argues that the prosecutor's comment, which disclosed that she had been in jail, was prejudicial and warranted a mistrial.

A mistrial may be granted only where there is an "error or legal defect in the proceedings, or conduct inside or outside of the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial." I.C.R. 29.1. The admission of improper evidence does not automatically require the declaration of a mistrial. *See, e.g., State v. Rose,* 125 Idaho 266, 269, 869 P.2d 583, 586 (Ct.App.1994). Where improper testimony is inadvertently introduced into a trial and the trial court promptly instructs the jury to disregard such evidence, it is ordinarily presumed that the jury obeyed the court's instruction entirely. *See State v. Hedger,* 115 Idaho 598, 601, 768 P.2d 1331, 1334 (1989); *State v. Boothe,* 103 Idaho 187, 192, 646 P.2d 429, 434 (Ct.App.1982). No less an authority than the United States Supreme Court has proclaimed:

> We normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an "overwhelming probability" that the jury will be unable to follow the court's instructions, and a strong likelihood that the effect of the evidence would be "devastating" to the defendant.

*Greer v. Miller,* 483 U.S. 756, 766 n. 8, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987) (citations omitted).

The court here instructed the jury to disregard the prosecutor's question, and the prosecutor's disclosure to the jury that Hill had been in jail could hardly be characterized as "devastating." Given that Hill was on trial for a criminal offense, even in the absence of the prosecutor's question, any reasonably knowledgeable juror likely would have surmised that Hill had at some point been in jail. Hill has not demonstrated that she was denied a fair trial. Accordingly, we hold that the district court did not err in denying her motion for a mistrial.

### E. Cumulative Error

Lastly, Hill contends that under the cumulative error doctrine, the accumulation of errors that occurred were sufficient to warrant a new trial. The cumulative error doctrine refers to a collection of irregularities, each of which by itself might be harmless, but when aggregated, show the absence of a fair trial in contravention of the defendant's right to due process. *Moore,* 131 Idaho at 823, 965 P.2d at 183. The presence of errors alone, however, does not require the reversal of a conviction because due process standards guarantee a defendant a fair trial, not an error-free trial. *Id.*

We have concluded that the trial court erred in the admission of the reclamation document received by the Bank of Commerce from the Federal Reserve Bank and we have also assumed, without deciding, that the trial court erred in failing to instruct the jury on the need of corroboration of the accomplice's testimony. In addition, the comment by the prosecutor, referring to Hill's presence in jail when questioned by Detective Decker, while not grounds for a mistrial because of the curative instructions, was nonetheless improper. We have concluded that each one of these individually did not create reversible error because Hill was not prejudiced thereby, and we reach the same conclusion after considering them cumulatively. Accordingly, Hill is not entitled to a new trial on the basis of cumulative error.

### III.

### CONCLUSION

Hill has not demonstrated reversible error at trial or error in the trial court's denial of her post-trial motion for a judgment of acquittal. The evidence presented by the State was sufficient to satisfy the requirements that accomplice testimony be corroborated. Accordingly, we affirm Hill's judgment of conviction.

Judge PERRY and Judge GUTIERREZ concur.