**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45115**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 9, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JEFFREY LEWIS DUNN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Judgment of conviction for three counts of lewd conduct with a child under the age of sixteen, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeffery D. Nye, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Judge

Jeffrey Lewis Dunn appeals from the judgment of the district court, entered upon a jury verdict, finding him guilty of three counts of lewd conduct with a child under the age of sixteen, Idaho Code § 18-1508. He asserts the district court abused its discretion when it admitted an excerpt of his prior trial testimony and erred in denying his motions for a mistrial. He argues the State committed prosecutorial misconduct that constituted fundamental error. Dunn also contends that the cumulative error doctrine applies here, necessitating a reversal of his conviction. We affirm.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Dunn previously appealed from a judgment of the district court entered upon a jury verdict finding him guilty of three counts of lewd conduct with a child under the age of sixteen. *State v. Dunn*, Docket No. 42196 (Ct. App. Jan. 28, 2016) (unpublished).  This Court concluded the district court abused its discretion when it admitted Idaho Rule of Evidence 404(b) evidence relating to Dunn's previous conviction for lewd conduct with his daughter and Dunn's inconsistent statements.  This Court held the errors were not harmless, vacated his conviction, and remanded the case for further proceedings.

On remand, the district court held that the I.R.E. 404(b) evidence relating to Dunn's previous conviction would not be admitted at the second trial for any purpose.   At the second trial, the State presented three alleged victims as witnesses:  S.E., A.D., and M.T.  Each witness independently testified that Dunn had been a father figure during childhood and that he molested each girl when she was under sixteen years old.  S.E. further testified that every time Dunn molested her he would tell S.E., "This is how daddies show their love to their little girls.  This is our little secret."  Upon learning of the abuse, A.D.'s mother immediately reported it to the police, and she also testified at trial and corroborated the testimony of the alleged victims.  Additionally, the State presented testimony from a detective involved with the case and an expert witness who testified regarding grooming behavior.  During the course of the trial, Dunn twice moved for a mistrial; both motions were denied by the district court.  Over Dunn's objection, the district court also admitted an excerpt of Dunn's testimony from the prior trial.  During closing arguments, the State referenced S.E.'s testimony in which Dunn had told S.E. that Dunn's actions were how daddies show their love.  He now asserts there was error relating to these rulings and occurrences.

Dunn was found guilty by the jury on all three charges.  Dunn timely appeals from his judgment of conviction.

# II.

## ANALYSIS

### A.    Admission of Dunn's Prior Testimony

Dunn asserts the district court erred when admitting an excerpt of his prior trial testimony based on its conclusion that it was not unfairly prejudicial under I.R.E. 403, which provides:

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." A lower court's determination under I.R.E. 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). In this case, Dunn specifically challenges whether the lower court reached its decision by an exercise of reason.

The admitted excerpted testimony related to M.T. spending the night at Dunn's home and is as follows:

Q. And as I asked you before, you had initially rebuffed, I assume [A.D.] was probably bugging the heck out of you to let [M.T.] spend the night?
A. Yes, sir.
Q. She was pulling all over you to have a friend spend the night. I have no doubt that's how it plays out. Right?
A. Yes, sir.
Q. And you rebuffed that?
A. In the beginning, yes.
Q. And in part, rebuffed that based upon you knowing you must--
A. Yes.
Q. --separate yourself from the object of desire?
A. Yes, sir.
Q. But you didn't stick with that one either. Right?
A. No, sir.

Dunn asserts that due to being taken out of context, the excerpted testimony was unfairly prejudicial because it incorrectly conveyed that he had previously testified that he desired M.T. However, since Dunn never previously testified that he desired M.T., the implication that Dunn had misled the jury was devastating to his case. He contends that when the prior testimony is read in its entirety, it is clear he was conveying he initially did not allow M.T. to spend the night to avoid a potential trigger. Dunn claims the prior testimony should have been excluded in its entirety because he could not clarify its meaning without supplementing the excerpt, which

3

would have inevitably resulted in presenting I.R.E. 404(b) evidence that he previously committed a sexual offense.

This is analogous to *State v. Folk*, 162 Idaho 620, 402 P.3d 1073 (2017), in which the Idaho Supreme Court held the district court did not abuse its discretion when it admitted testimony in which a witness answered affirmatively when asked whether the defendant had indicated that he desired to sexually abuse children. *Id*. at 626, 402 P.3d at 1079. Like Dunn, the defendant in that case also argued that any probative value of the challenged testimony was substantially outweighed by the risk of unfair prejudice. *Id*. While the Court found the evidence was prejudicial, it concluded it was not unfairly so and noted, "Rule 403 does not require the exclusion of prejudicial evidence. Most evidence offered to prove a defendant's guilt is inherently prejudicial. The rule only applies to evidence that is unfairly prejudicial because it tends to suggest that the jury should base its decision on an improper basis." *Id*. at 627, 402 P.3d at 1080 (quoting *State v. Rawlings*, 159 Idaho 498, 506, 363 P.3d 339, 347 (2015)). The Court ultimately agreed with the district court's reasoning that the testimony "appears to be highly relevant to the issues of motive, intent, or absence of mistake or accident" and "is probative of [defendant]'s state of mind and gives an explanation as to why he would place himself alone with a child or touch a child." *Id*. at 626, 402 P.3d at 1079.

Dunn's argument that the excerpted testimony was misleading to the jury and unfairly prejudicial because he never specifically testified that he desired M.T. is unpersuasive. Like the testimony in *Folk*, the testimony is prejudicial, but not unfairly so. The testimony indicates that Dunn initially rebuffed the request to let M.T. spend the night to avoid a potential trigger. It is not necessary for Dunn to have previously stated M.T. was specifically "an object of desire." The distinction between perceiving the request to spend the night as a trigger for sexual desire as opposed to expressly stating M.T. was "the object of desire" is immaterial.

The district court's analysis of the previous testimony shows that the district court reached its decision through an exercise of reason, focusing on the context of the testimony at issue. Specifically, in overruling Dunn's objection, it stated: "So I think the context is there. I don't think that would reasonably be subject to an interpretation referring to something in the past. We're simply focused on whether [M.T.] should be staying overnight. So I don't--I'm not having a problem with that."

4

Similar to the reasoning in *Folk*, the admitted testimony is probative of Dunn's state of mind and explains why he would place himself alone with a minor. It is likewise relevant to the issues of motive, intent, or absence of mistake or accident. The testimony was not misleading to the jury or unfairly prejudicial to Dunn. We hold that Dunn has not shown that the district court abused its discretion by admitting the excerpt of prior trial testimony.

## B. Motions for Mistrial

Dunn twice moved for a mistrial following statements made by S.E. and A.D.'s mother, both of which were denied by the district court. In criminal cases, motions for mistrial are governed by Idaho Criminal Rule 29.1. A mistrial may be declared upon motion of the defendant when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial. I.C.R. 29.1(a). Our standard for reviewing a district court's denial of a motion for mistrial is well established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Urquhart*, 105 Idaho 92, 95, 665 P.2d 1102, 1105 (Ct. App. 1983); *see also State v. Johnson*, 163 Idaho 412, 421, 414 P.3d 234, 243 (2018); *State v. Hernandez*, 163 Idaho 9, 12, 407 P.3d 596, 599 (Ct. App. 2017).

The admission of improper evidence does not automatically require the declaration of a mistrial. *State v. Ruiz*, 159 Idaho 722, 724-25, 366 P.3d 644, 646-47 (Ct. App. 2015). This Court normally presumes that a jury will follow an instruction to disregard inadmissible evidence unless there is an overwhelming probability that the jury will be unable to follow the court's instructions and a strong likelihood that the effect of the evidence would be devastating to the defendant. *Id*. Furthermore, it is also well recognized that a reference, in front of the jury, to a defendant's incarceration does not necessarily require a new trial. *State v. Harrison*, 136 Idaho 504, 506, 37 P.3d 1, 3 (Ct. App. 2001).

5

### 1. Testimony of S.E.

Dunn first moved for a mistrial after the following testimony from S.E. while being questioned by the prosecutor:

> Q. Were there times when you were living with [Dunn]?
> A. Yes.
> Q. Could you tell the jury about that?
> A. When I was younger, he was living at our place of residence. *He was registered at a different home*, but he was definitely living with us. But that was only on Woodruff. After Woodruff they moved, and he was living over on H Street on his own.

(emphasis added). Dunn contends the only reasonable inference for the jury to conclude is that S.E. was referring to Dunn having to register as a sex offender; thus, the testimony was highly prejudicial. While the district court recognized the reference was problematic, it denied the motion for a mistrial, noting the reference was brief and standing alone did not sacrifice a fair trial. It noted that if other references were made thereafter, the statements could become cumulative but that had not happened. The court opted to not give a curative instruction, finding this would only highlight the brief reference.

In the present case, although S.E.'s reference to Dunn being registered at a particular address was improper, we are persuaded this reference did not affect the outcome. First, this was the only reference during the entire trial regarding Dunn being registered. Additionally, the reference was fleeting. As the district court explained in part, "I think that it was said in passing. I don't think it was a material part of her answer." Moreover, it was neither relied upon nor exploited by the prosecution.

This is analogous to *State v. Thumm*, 153 Idaho 533, 538, 285 P.3d 348, 353 (Ct. App. 2012), in which this Court found that a witness's passing reference to "my homie" and the "hood" and testimony that the defendant had gestured to a tattoo on his neck are not necessarily indicative of gang affiliation. The Court concluded if it assumed for the sake of argument that the challenged testimony constituted prosecutorial error, the trial court's refusal to grant a mistrial still would not constitute reversible error. *Id.* The Court reasoned the brief reference was not so prejudicial as to overwhelm all the admissible evidence that the defendant was guilty of aggravated battery such that the witness's testimony can be said to have contributed to the verdict in any meaningful way. *Id.*

6

Likewise here, even if we were to assume, arguendo, that S.E.'s brief reference constituted prosecutorial error, the court's refusal to grant a mistrial did not constitute reversible error because it was not so prejudicial as to overwhelm all the admissible evidence that Dunn was guilty of the charges of lewd conduct with a minor under the age of sixteen. S.E., A.D., and M.T. each testified that Dunn molested them numerous times when they were under the age of sixteen and each girl gave detailed accounts of at least two instances of the molestation. These instances demonstrated that he molested them in very similar manners. The testimony of A.D. and M.T. was also corroborated by M.T.'s mother. The expert witness also corroborated the girls' testimony regarding grooming practices and sexual abuse. For example, he testified that children from broken homes or with a parent in and out of jail are often targets and perpetrators often try to fill a role for the child, such as a father figure. S.E. testified that her mom was in and out of jail and she did not have a real relationship with her father. A.D. testified that she had never seen her father. M.T. also testified that her dad had been in and out of jail. Each girl testified that Dunn acted as a father figure to them.

S.E.'s reference to Dunn being registered, while improper, did not constitute reversible error. The brief reference did not rise to the level of reversible error because it did not have a continuing impact on the trial. The district court did not err in denying Dunn's motion for a mistrial in this instance.

### 2. Testimony of A.D.'s mother

Dunn made a second unsuccessful motion for a mistrial following testimony of A.D.'s mother. Specifically, on cross-examination the defense asked about Dunn's attitude regarding A.D.'s mother taking A.D. to get on birth control. A.D.'s mother responded, "He had nothing to do with any of that. He was in prison already." Dunn's counsel objected and moved to strike the testimony. The district court sustained the objection and further instructed the jury to ignore her answer. However, Dunn asserts this is an insufficient remedy.

These facts are similar to *State v. Hill*, 140 Idaho 625, 97 P.3d 1014 (Ct. App. 2004). The defendant's counsel objected to the prosecutor's reference to the defendant being in jail and moved for a mistrial. *Id*. at 630-31, 97 P.3d at 1019-20. The trial court sustained the objection and instructed the jury to disregard the prosecutor's reference, but the court denied the motion for a mistrial. *Id*. at 631, 97 P.3d at 1020. On appeal, the defendant asserted the district court erred in denying her motion for a mistrial. *Id*. In affirming the denial of the motion, this Court

7

noted the jury had been instructed to disregard the reference and that the reference was not devastating. *Id.* It reasoned, "Given that [the defendant] was on trial for a criminal offense, even in the absence of the prosecutor's question, any reasonably knowledgeable juror likely would have surmised that [the defendant] had at some point been in jail." *Id.* This Court concluded the defendant could not show she was denied a fair trial and found the district court did not err when denying the motion for a mistrial on that basis. *Id.*

In the present case, the trial record does not support a determination that the risk of prejudice was so great as to constitute reversible error. In response to Dunn's objection, the district court sustained the objection, struck the testimony and instructed the jury to disregard the testimony, "Just to clear the record and make sure the jury's not confused, during the time that these allegations are referring to, [Dunn] was not in prison, was not in jail."[1] Significantly, here the district court emphatically instructed the jury to ignore the stricken testimony. As in *Hill*, the district court's instructions to the jury were a sufficient remedy, and the court did not err in denying Dunn's motion for a mistrial.

## C. Prosecutorial Misconduct

Dunn argues the State committed prosecutorial misconduct that constituted fundamental error requiring this Court to vacate his convictions. Dunn specifically asserts the prosecutor committed misconduct when he requested in his rebuttal argument that the jury "tell [Dunn] this is not how daddies show love to little girls," a reference to S.E.'s testimony that Dunn would tell her this every time he molested her. While our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, the prosecutor is nevertheless expected and required to be fair. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). However, in reviewing allegations of prosecutorial misconduct we must keep in mind the realities of trial. *Id.* A fair trial is not necessarily a perfect trial. *Id.*

In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court clarified the fundamental error doctrine as it applies to allegations of prosecutorial misconduct. Dunn did not make a contemporaneous objection to the prosecutor's request. If the alleged misconduct

---

[1]     For the first time on appeal, Dunn asserts that the court's conditioning the reference that he was not incarcerated "during the time that these allegations are referring to" created a new error by allowing the jury to consider he was in jail outside of this period. While unconvincing, this argument is also barred under *State v. Garcia-Rodriguez*, 162 Idaho 271, 276, 396 P.3d 700, 705 (2017), since it was neither raised nor argued below.

8

was not followed by a contemporaneous objection, an appellate court should reverse when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

Dunn contends the prosecution committed misconduct by stating, "The last thing you probably ought to do, as [S.E.] said, tell [Dunn] this is not how daddies show love to little girls." Dunn asserts this statement resulted in an improper plea for the jury to decide the case based on its emotions, passions, and prejudices, by suggesting that if the jury did not send a message by finding Dunn guilty then it would be effectively condoning sexual abuse of children by father figures. Appeals to emotion, passion or prejudice of the jury through use of inflammatory tactics are impermissible. *State v. Timmons*, 145 Idaho 279, 289, 178 P.3d 644, 654 (Ct. App. 2007).

Dunn cites *United States v. Weatherspoon*, 410 F.3d 1142 (9th Cir. 2005), as support. In that case, the court held the following statements amounted to prosecutorial misconduct: "Convicting [the defendant] is gonna make you comfortable knowing there's not convicted felons on the street with loaded handguns, that there's not convicted felons carrying around semiautomatic[s]," and "finding this man guilty is gonna protect other individuals in this community." *Id.* at 1149. The court reasoned the prosecutorial statements encouraging a conviction to protect others in the community did not speak to whether there was proof the defendant was in possession of a gun which would determine his guilt, but rather to the potential social ramifications of the jury's reaching a guilty verdict. *Id.* Thus, the court held the statements were improper since they were designed to appeal to the passions, fears, and vulnerabilities of the jury. *Id.* at 1150.

Dunn's reliance on *Weatherspoon* is misplaced. Courts have distinguished between statements asking a jury to convict a defendant in order to send a message to the community, which may rise to the level of prosecutorial misconduct, from statements asking a jury to convict in order to send a message to a defendant, which does not amount to prosecutorial misconduct. This case is more analogous to *Timmons*, in which the court held the prosecutor's statements did not rise to the level of prosecutorial misconduct. *Id.* at 289, 178 P.3d at 654. In *Timmons*, the prosecutor included the following in his closing arguments:

9

A not guilty verdict tells him what he did was okay, tells him it's okay to ignore your child, it's okay to let the neighbors take care of them, it's okay to have a violent confrontation, it's okay to do all that, and it's not, and that should not be the message that you send to Roger Timmons. It should be a big deal to him, and it should have a big impact on him, and that's part of your job.

. . . .

Roger Timmons knew better--he should have known better, and his child suffered because of what he did and what he didn't do. A guilty verdict holds him responsible, and that's what he needs. He needs someone to tell him that he can't treat his kid that way, and the only people that can do that at this point are you.

*Id.*

In finding the prosecutor's statements did not rise to the level of prosecutorial misconduct, the Court explained, "The prosecutor did not ask the jury to send a message to the community-at-large based on the harm suffered by C.T. but, rather, requested that the jury send a message to Timmons based on his guilt." *Id*. at 289, 178 P.3d at 654.

Like *Timmons*, the State's closing arguments did not ask the jury to send a message to the community; in fact, the prosecutor expressly stated, "*tell* [*Dunn*] this is not how daddies show love to little girls." (Emphasis added.) The prosecutor's closing argument clearly falls into the category of statements asking a jury to convict in order to send a message to a defendant, which does not amount to prosecutorial misconduct. Moreover, the statement is in reference to testimony at trial. Consequently, the prosecutor's comments in his rebuttal closing argument did not constitute prosecutorial misconduct and did not violate Dunn's constitutional right to a fair trial.

## D.    Cumulative Error Doctrine

Dunn also contends that the cumulative error doctrine applies here, necessitating a reversal of his conviction. Under the doctrine of cumulative error, a series of errors, harmless in and of themselves, may in the aggregate show the absence of a fair trial. *State v. Adamcik*, 152 Idaho 445, 483, 272 P.3d 417, 455 (2012). However, a necessary predicate to the application of the doctrine is a finding of more than one error. *Id*. Dunn has failed to demonstrate at least two errors, a necessary predicate to the application of the cumulative error doctrine.

## III.

## CONCLUSION

The district court did not abuse its discretion when it admitted an excerpt of Dunn's prior trial testimony. The district court did not err in denying Dunn's motions for a mistrial based on

10

challenged testimony.  Dunn failed to show the State committed prosecutorial misconduct in its closing arguments, and he failed to demonstrate at least two errors, a necessary predicate to the application of the cumulative error doctrine.  For the foregoing reasons, Dunn's judgment of conviction is affirmed.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.